FORT WORTH & DENVER CITY RAILWAY COMPANY ET AL. v.
M. H. SHANLEY.

Decided June 4, 1904.

**1.—Carriers—Connecting Lines—Injuries to Freight—Burden of Proof.**

Where freight has been transported by successive carriers and it is damaged en route, and the evidence fails to show on what particular line the injury occurred, the presumption of law is that it occurred upon the line of the last carrier through whose hands the freight passed.

**2.—Same—Charge Not Applying the Rule.**

In an action against two connecting carriers for damages to horses occurring on a through shipment over their lines the court correctly charged that the burden was on plaintiff to show that the injury did not occur on the terminal line, but erred in further instructing that in case the jury found there had been a want of proper care in the transportation of the horses, but were unable to determine which defendant failed to exercise the required care, the burden was on each defendant to show that such failure did not occur on its line.

Appeal from the County Court of Tarrant. Tried below before Hon. R. F. Milam.

*Stanley, Spoonts & Thompson* and *Marshall Spoonts,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This suit was originally instituted in the Justice Court for precinct No. 1, Tarrant County, against the Fort Worth & Denver City Railway Company and the Colorado & Southern Railway Company, to recover damages for injuries to a car load of horses alleged to have occurred upon the lines of said roads, while being transported from Loveland, Colo., to Granbury, Texas. The car contained twenty-eight head of horses, and from Loveland was conveyed over the line of the Colorado & Southern Railway Company to Texline, thence over the line of the Fort Worth & Denver City Railway Company to Fort Worth, where it was delivered to the Fort Worth & Rio Grande Railway Company, over whose line it was further conveyed to its final destination. The horses were shown to have been in good condition when they were delivered to the initial carrier, and were also shown to have been in a badly damaged condition when they were received by appllee at Granbury, some eight or ten days thereafter. Four days is shown to have been a reasonable time within which the horses should have made the trip.

The rule is that where freight has been transported by successive carriers and it is damaged en route, and the evidence fails to show on what particular line the injury occurred, the presumption of law is that the injury occurred upon the line of the last carrier through whose hands the freight passed. Texas & P. Ry. Co. v. Adams, 78 Texas, 373, 14 S. W. Rep., 666. This being true, the court in this case properly instructed the jury that the burden of proof was upon appellee to show that the injury to his horses did not occur on the Fort Worth & Rio Grande Railroad. But the court then further instructed the jury as to

the burden of proof with respect to the negligence of the two carriers sued, as follows: "If you believe from the evidence that one or both of the defendants herein failed to exercise ordinary care for the transportation and delivery of said car of horses within a reasonable length of time, and are unable to determine from the evidence which of said defendants failed to exercise said care, you are instructed that the burden is upon each of said defendants to show that such failure to exercise ordinary care did not occur on its line." We know of no rule of law placing the burden of proof upon the defendant under such circumstances. The principle is well illustrated in the language of Mr. Justice Williams in Gulf C. & S. F. Ry. Co. v. Cushney, 95 Texas, 309, 67 S. W. Rep., 78, as follows: "In applying this rule in such cases, the plaintiff proves the whole amount of damage which his property, when he received it from the last carrier, had suffered in transportation, and the latter must then, in order to escape liability, show that such damage, or a part, and what part, of it had been inflicted before it received the freight. If it succeeds in doing this, the burden is then thrown on the next preceding carrier to acquit itself in the same way." In the present case this rule was in part observed, in that plaintiff was required to disprove the presumption of injury upon the line of the last carrier, and in part violated, in that the burden was placed upon each of the other carriers to exonerate itself from negligence. Upon the appellee's proving that the injuries to his stock did not occur upon the line of the Fort Worth & Rio Grande company, the burden of proof then lay upon the intermediate carrier, the Fort Worth & Denver City Railway Company, to show, in order to escape liability, that it was not responsible for the damage. This being done successfully, it would of course devolve upon the initial carrier to overcome the presumption of negligence arising from the circumstances. Missouri K. & T. Ry. Co. v. Mazzie, 29 Texas Civ. App., 295, 68 S. W. Rep., 56.

It is doubtful if the circumstances in evidence are sufficient to support the verdict and judgment in appellee's favor, but a decision of that question becomes immaterial, since the judgment will be reversed and remanded for the error in the court's charge upon the burden of proof.

The doubt we have above indicated grows out of the meagerness of the testimony to show that the injuries to appellee's stock were not inflicted upon it while in the hands of the terminal carrier, this meagerness being due, for the most part, doubtless, to the fact that he did not accompany the shipment of his stock.

*Reversed and remanded.*