TEXAS & PACIFIC RY. CO. V. MRS. J. M. CAPPER.

Decided January 21, 1905.

**Carriers of Freight—Damage to Goods—Presumptions.**

A barrel containing chinaware was shipped to plaintiff over defendant's line of railway as the terminal carrier, and was delivered to plaintiff by a transfer company. Upon opening the barrel some of the ware was found broken. There was no proof as to how or where the injury occurred. Held, that plaintiff was not entitled to recover against defendant, since, as the transfer company was also a common carrier, the presumption of law was that the injury occurred while the property was in its possession.

Appeal from the County Court of Tarrant. Tried below before Hon. R. F. Milam.

*T. J. Freeman, Stanley, Spoonts & Thompson* and *Marshall Spoonts,* for appellant.

*J. C. Smith,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant was held liable to appellee for the value of several broken pieces of painted china shipped from Detroit, Michigan, to Fort Worth, Texas. The evidence tended to prove that the china was in good condition, properly packed in a barrel or hogshead, when it was received by the initial carrier, and that the barrel was in good condition when delivered to appellee at Fort Worth, but when it was opened several valuable pieces of the china were found to have been broken and ruined. The McVeigh Transfer Company delivered the barrel of china to appellee at her residence in Fort Worth, after receiving it for her from appellant, the last railway carrier. No evidence was introduced by either party tending to show where or how the china had been broken.

The burden was on appellee to show that appellant broke the china, that is, at least to make proof of facts raising that presumption. In this she failed. If she had proved that appellant delivered the china to the transfer company in a damaged condition her case would have been made out, but no effort whatever was made to show how the transfer company had handled the goods. It would not do to first presume, without any proof, that the transfer company did not break the china, and then presume that appellant did, for it has often been held to be inadmissible to base one presumption on another. Her contentions seem to be

that as the transfer company was her agent, making the delivery by the railway company to the transfer company a delivery to her, the presumption of liability against the last or delivering carrier should be applied to appellant. But this is not maintainable. Both companies were common carriers, and both were carrying for her. If she had sued the transfer company instead of the railway company we see no reason why the evidence in this case would not have warranted a verdict against the transfer company instead of the railway company, since the former delivered the goods in a damaged condition without offering any evidence to rebut the presumption arising in such cases.

The fact that the transfer company was her agent in receiving the goods from the railway company makes the case rather worse for her than better, if any difference, since it is perhaps to be inferred that it was on that account more easily within her power to rebut the presumption against the transfer company and thus throw it back against the railway company. The presumption so long applied against the last or any intermediate carrier handling damaged goods shown to have been received by the initial carrier in good condition, which is but a presumption in favor of the continuance of a state or condition once shown to exist, that is, that goods received in good condition remain in good condition until they reach the carrier in whose hands they are found in damaged condition, was originally adopted in favor of the shipper against the carrier because it was peculiarly within the power of the latter to prove that the goods were not damaged by such carrier, and not at all in the power of the former. Hutchinson on Carriers, sec. 761, and cases cited in foot notes, particularly the following: Laughlin v. Railway, 28 Wis., 204, and cases there cited; Shriver v. Railway Co., 24 Minn., 506; Railway v. Harris, 7 So. Rep. (Fla.), 544.

Because appellee failed to make out her case the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*