[No. 7461. Decided January 5, 1909.]

JESSIE F. SHEBLE, *Respondent*, v. OREGON RAILROAD & NAVIGATION COMPANY, *Appellant.*[1]

CARRIERS—OF GOODS—CONNECTING CARRIERS—PRESUMPTIONS—DISTINCT SHIPMENTS. The presumption that goods shipped by connecting carriers were received by the last carrier in the same condition as when delivered for shipment to the initial carrier does not apply where there were two distinct transactions or shipments; and where a ticket was purchased over one road from St. Louis to Kansas City and a trunk checked to that point, without any indication that the journey would be continued, a railroad company checking the trunk upon a ticket subsequently purchased from Kansas City to Seattle is not liable for loss of contents of the trunk, which had been opened and rifled, where there was no evidence as to the condition of the trunk and contents at the time it was checked upon the last ticket.

Appeal from a judgment of the superior court for King county, Griffin, J., entered February 8, 1908, upon the

[1]Reported in 98 Pac. 745.

verdict of a jury rendered in favor of the plaintiff for loss of goods shipped, after a trial on the merits. Reversed.

*W. W. Cotton, Arthur C. Spencer*, and *John P. Hartman*, for appellant, contended, among other things, that in the absence of testimony showing the delivery of the trunk and contents in good condition to the defendant at Kansas City, the jury's finding that the trunk was in good condition and contained the articles enumerated by the plaintiff must of necessity be founded on mere speculation and conjecture. *Armstrong v. Cosmopolis*, 32 Wash. 110, 72 Pac. 1038; *Reidhead v. Skagit County*, 33 Wash. 174, 73 Pac. 1118. The line from St. Louis to Kansas City was not a connecting carrier, and the rule applied to connecting carriers cannot apply between it and the Union Pacific. *Felder v. Columbia etc. R. Co.*, 21 S. C. 35, 53 Am. Rep. 656; *Central Trust Co. v. Wabash etc. R. Co.*, 31 Fed. 247; *Moore v. Missouri etc. R. Co.*, 18 Tex. Civ. App. 561, 45 S. W. 609. The burden was upon plaintiff to show what particular baggage was delivered to defendant's agent, the Union Pacific Railroad Company, at Kansas City. *McQuesten v. Sanford*, 40 Me. 117; *Galveston etc. R. Co. v. Schafermeyer*, 31 Tex. Civ. App. 586, 72 S. W. 1037; *Marquette etc. R. Co. v. Kirkwood*, 45 Mich. 51, 7 N. W. 209, 40 Am. Rep. 453; *Marquette etc. R. Co. v. Langton*, 32 Mich. 250; *Felder v. Columbia etc. R. Co.*, and *Central Trust Co. v. Wabash etc. R. Co., supra.* The contract of carriage limiting the amount of recovery in case of loss of baggage was valid, and the plaintiff was bound thereby. 3 Am. & Eng. Ency. Law (2d ed.), 560; *Rose v. Northern Pac. R. Co.*, 35 Mont. 70, 88 Pac. 767, 119 Am. St. 836; *Nevins v. Bay State Steamboat Co.*, 4 Bosworth (N. Y.) 225; *Jacobs v. Central R. Co.*, 208 Pa. St. 535, 57 Atl. 982; *Dietrich v. Pennsylvania R. Co.*, 71 Pa. 432, 10 Am. Rep. 711; *Oil Creek & Allegheny R. Co. v. Clark*, 72 Pa. 231; *Lake Shore etc. R. Co. v. Rosenzweig*, 113 Pa. 519, 6 Atl. 545; *Railroad Co. v. Lockwood*, 17 Wall. 357, 21

L. Ed. 627; *Hart v. Pennsylvania R. Co.*, 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717; *Hill v. Northern Pac. R. Co.*, 33 Wash. 697, 74 Pac. 1054; *Peterson v. Seattle Traction Co.*, 23 Wash. 615, 63 Pac. 539, 65 Pac. 543, 53 L. R. A. 586. And the passenger is bound whether he actually reads the conditions or not. *Rose v. Northern' Pac. R. Co.*, 35 Mont. 70, 88 Pac. 767, 119 Am. St. 836.

*Herr, Bayley & Wilson*, for respondent, contended that where baggage is delivered by the last carrier to the passenger in a broken or damaged condition, or. a portion of it missing, the operation of the maxim *res ipsa loquitur* obtains, and it then devolves upon the carrier to produce evidence exonerating it, by showing that the trunk was received from the preceding carrier in the condition in which it was delivered. *Laughlin v. Chicago & N. W. R. Co.*, 28 Wis. 204, 9 Am. St. 493; Hammon, Evidence, page 293; Hutchinson, Carriers, § 761; *Shriver v. Sioux City & St. Paul R. Co.*, 24 Minn. 506; *Hammett & Katter v. Wabash R. Co.* (Mo. App.), 106 S. W. 1106; *Moore v. New York etc. R. Co.*, 173 Mass. 335, 53 N. E. 816, 73 Am. St. 298; *Memphis etc. R. Co. v. Holloway & Tatum*, 68 Tenn. 188; *Dixon v. Richmond etc. R. Co.*, 74 N. C. 538; *Leo v. St. Paul etc. R. Co.*, 30 Minn. 438, 15 N. W. 872; *Montgomery etc. R. Co. v. Culver*, 75 Ala. 587, 51 Am. Rep. 483; *Beard v. Illinois Cent. R. Co.*, 79 Iowa 518, 44 N. W. 800, 18 Am. St. 381, 7 L. R. A. 280; *Savannah etc. R. Co. v. Harris*, 26 Fla. 148, 7 South. 544, 23 Am. St. 551; *Faison v. Alabama etc. R. Co.*, 69 Miss. 569, 13 South. 37, 30 Am. St. 577; *Forrester v. Georgia R. & Banking Co.*, 92 Ga. 699, 19 S. E. 811; 3 Thompson, Negligence, § 3462; 6 Cyc. 664. A carrier may, by reasonable regulation, limit his liability, but notice of the regulation must be brought home to the passenger before commencement of the journey. *Hart v. Pennsylvania R. Co.*, 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717; *Hill v. North-*

*ern Pac. R. Co.*, 33 Wash. 697, 74 Pac. 1054; *Muldoon v. Seattle City R. Co.*, 10 Wash. 311, 38 Pac. 995, 45 Am. St. 787.

DUNBAR, J.—On October 17, 1906, the respondent Jessie F. Sheble purchased a ticket at St. Louis, Missouri, over the Wabash railroad, for Kansas City, Missouri, and had her trunk, filled with clothing and personal effects, checked to Kansas City. On the following day she purchased a through ticket from Kansas City to Portland, Oregon, with exchange coupon for Seattle, Washington. The ticket from Kansas City entitled her to passage over the lines of the Union Pacific Railway Company, the Oregon Short Line Railroad Company, and the Oregon Railroad & Navigation Company. Upon arriving at Portland, she examined her trunk and ascertained that it had been broken open and rifled, and that a great deal of her clothing and personal effects had been removed. She reported the condition of the trunk to the agent, and endeavored to secure compensation for damages, but without success, and brought this action for damages. Judgment was rendered in her favor and appeal taken.

Many assignments of error are made, which involve questions of admission and rejection of testimony and of alleged error in giving and refusing instructions, but which, in consideration of our opinion in relation to error number three, viz., that the court erred in overruling the appellant's motion for a judgment of nonsuit, it is not necessary to discuss; for we think, without question, the motion for nonsuit should have been sustained. It is not necessary to review the authorities cited by appellant in this case, for we think that the authorities cited by the respondent are sufficient to sustain the appellant's contention that nonsuit should have been granted. The responsibility of connecting carriers is based upon a presumption. That presumption is that goods, having been received by the initial carrier in good order, have been transmitted and delivered in good order to every

succeeding carrier along the line. This presumption becomes necessary to protect the shippers' rights and to save them from the necessity of making proof, which under the circumstances would be almost, if not entirely, impossible for them to make, they having no jurisdiction or observation of the goods during the transit, while the care and custody and observation of the goods have been in the hands of the respective carriers. Any rule of law which would practically cripple or defeat the plaintiff's remedy in a case of this kind would be in conflict with the policy of the law generally, and would in effect deprive shippers of the right to recover for loss of goods. This was what was decided by the authorities cited by the respondent, notably Hammon on Evidence, p. 93, where the author says:

"In the case of connecting carriers, if goods received by the consignee in a damaged condition are shown to have been delivered in a good condition to the initial carrier, the presumption is that they were in that condition when they came into the hands of the last carrier, and he may accordingly be held liable, in the absence of evidence to disprove the presumption."

Hutchinson on Carriers, §1348 (§761) announces substantially the same rule when he says:

"But a connecting carrier, who has completed the transportation and delivered the goods to the consignee in a damaged condition or deficient in quantity, will be held liable in an action for the damage or deficiency, without proof that it was occasioned by his fault, unless he can show that he received them in the condition in which he has delivered them. The condition and quantity of the goods when they were delivered to the first of the connecting carriers, being shown, the presumption will arise that they continued in that condition down to the time of the delivery to the carrier completing the transportation and making the delivery to the consignee, and that the injury or loss occurred while they were in his possession."

The case of *Laughlin v. Chicago & N. W. R. Co.*, 28 Wis. 204, which is pronounced by the respondent the leading

case on this question and which she largely relies upon, was a case where the goods were delivered to the initial carrier and the railways over which the goods were shipped were admitted to constitute connecting and continuous lines from the place of shipment to the place of the delivery of the goods. Proof was made of the condition and quality of the goods when shipped and of the loss of a portion of the goods when they were received, and after a long discussion of the principles which should be applied to a case of that kind, the court announced the rule in practical conformity with the rules cited above from the other cases.

But this rule has no application to the case before us, for no proof was offered in relation to the condition of the goods at the time they were delivered to the initial carrier, viz., the road from which respondent purchased her ticket at Kansas City for Seattle. The purchase of the ticket and the checking of the goods from St. Louis to Kansas City was an absolutely distinct transaction from the purchase of the ticket from Kansas City to Seattle. It is true that the second ticket was purchased within a day or two after respondent's arrival at Kansas City from St. Louis, but the lapse of time could in no way connect the transactions. In fact, there is nothing to indicate that there was any intention on the part of the respondent to pursue her journey any further than Kansas City at the time she made the trip. She frankly testifies that she has no knowledge whatever of any condition of the trunk at the time that it was checked at Kansas City for Seattle. That being true, the presumption which we have been discussing above could not attach, because the presumption goes only to the maintaining of the quality of the goods at the time they were shipped, and there being no proof of the condition of the goods at that time, there could of course be no presumption that they were delivered to any of the connecting lines in a good condition. We think the testimony was not sufficient to sustain a judgment, and that the motion for nonsuit should have been sustained.

The judgment will be reversed, with instructions to the lower court to sustain the motion for a nonsuit.

RUDKIN, CROW, and MOUNT, JJ., concur.

HADLEY, C. J., and FULLERTON, J., took no part.