SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. C. G. WINN.

Decided December 14, 1910.

**1.—Carrier of Freight—Liability as Warehouseman.**

Under the provisions of article 324, Revised Statutes, a railroad company is liable only as warehouseman for goods unclaimed by the consignee and stored in its depot after due diligence to notify the consignee.

**2.—Same—Liability of Last Carrier—Burden of Proof.**

The burden of proof is on the last of several carriers to show that damage to a shipment of goods occurred before the goods were received by it; in the absence of any explanation as to when or where the damage occurred, the last carrier will be held responsible.

Appeal from the County Court of Nueces County. Tried below before Hon. Walter F. Timon.

*Berry & Kleberg* and *R. W. Stayton, Jr.,* for appellant.—Where goods are totally lost during transit in an interstate shipment after delivery to an initial carrier, a final carrier is not liable for damages resulting from such loss, in the absence of allegation and proof either that the final carrier had possession of the goods at some time, or else that it

entered in some way into the undertaking of transportation on the part of the initial or some intermediate carrier—as by joint action or partnership with such initial or intermediate carrier, agency or authority to same, or by ratification of its acts. Revised Civil Statutes, 1895, art. 331 (a), and art. 331 (b); Gulf, C. & S. F. Ry. Co. v. Baird, 75 Texas, 256; Gulf, C. & S. F. Ry. Co. v. Dwyer, 75 Texas, 572; Miller & Co. v. T. & N. O. Ry. Co., 83 Texas, 518; International & G. N. Ry. Co. v. Folts, 22 S. W., 541; Texas & N. O. Ry. Co. v. Berry, 71 S. W., 326; Houston & T. C. Ry. Co. v. Groves, 106 S. W., 416.

*G. M. C. Davis,* for appellee.

JAMES, CHIEF JUSTICE.—This is an action against appellant, the final carrier, for the loss of certain articles and damage to certain other articles, shipped from Shreveport, Louisiana, to Corpus Christi, Texas.

There was sufficient proof that the articles for which the damages are claimed were delivered to the initial carrier at Shreveport, and that they arrived at Corpus Christi over appellant's line. They consisted of two mattresses, two pairs of springs, one feather bed, seven pillows, sixteen window shades, three lamps, one cedar rack, two art squares, one office chair, one steel range, and one crate of fruit in jars, and that all of said articles, except the stove, the fruit and office chair were delivered in one large bundle around which the art squares were sewed. The employee who checked all goods received at Corpus Christi testified that he unloaded one office chair, one crate of fruit, one range and one couch wrapped, and that he did not know what was inside the bundle marked "one couch wrapped."

With this explanation we copy the court's findings of fact, which are each and all sustained by the testimony:

"I find from the evidence the following facts:

"1. That on or about February —, 1909, plaintiff delivered to a certain transfer man, not a common carrier, at Shreveport, Louisiana, the following articles, intending to have them shipped from Shreveport, Louisiana, to W. R. McLemore, consignee, Corpus Christi, Texas, towit: two Ostermoor mattresses, two pairs of springs, one feather bed, seven pillows, sixteen window shades, three nickel-plated lamps, one cedar rack, two art squares, one stove range, 2/12 gallons of fruit, and one office chair.

"2. That these goods were to be delivered to a railroad company for transportation, which company was not the defendant, and the name of which railroad company was not proved; that the agent of said railroad company acknowledged to plaintiff's wife that he had received the stove above mentioned; that plaintiff received a bill of lading for said shipment, neither the bill of lading nor its contents being before the court; and that, except for the stove, plaintiff and his wife never again saw said articles in Shreveport after they were delivered to said transfer man.

"3. That the said articles, except the stove, the jars of fruit, and

the office chair, were done up in one large bundle with the art squares as a covering, sewn together so that the contents could not be seen without breaking the bundle.

"4. That on or about March 1, 1909, the San Antonio & Aransas Pass Railway Company received at its station at Corpus Christi, Texas, the following articles of freight consigned from Shreveport, Louisiana, to W. R. McLemore, Corpus Christi, Texas: one office chair, one crate of bottled fruit, and one couch wrapped, and other articles, not involved in this suit.

"5. That on or about March 1, 1909, defendant, through its agents at Corpus Christi, Texas, issued notice by postal card duly mailed in the United States mails to W. R. McLemore, Corpus Christi, Texas, to this effect, towit: that a shipment of household goods and furniture was on hand ready for delivery to said W. R. McLemore; that no one coming for the goods, they were, in consequence kept in the warehouse of the depot of said defendant for safe keeping; that a second notice of the same sort was issued and mailed upon a date not in evidence, to which there was no response from consignee or anyone else; that a third notice of the same sort was issued and mailed through the United States mails on the 7th day of April, 1909. That defendant exercised due and reasonable diligence to notify consignee that said shipment was ready to be delivered to him.

"6. That said goods, in consequence of consignee's not claiming them, had to be stored in defendant's warehouse from March 1 to April 19, 1909, and that during said time defendant and its agents exercised ordinary and reasonable care for the protection, preservation and delivery of same, and exercised the same care to this end that it would have exercised over its own property.

"7. That no one called for said goods until about April 19, 1909, when one, James Grant, a transfer man employed for the occasion by plaintiff, presented a freight bill for them and, at defendant's warehouse, received the goods above mentioned in paragraph 4 hereof, the stove being in a broken condition, and the crate of fruit damaged in that two and one-half gallons of the fruit was spoiled by reason of breakage to the jars; but that said Grant did not receive the office chair nor the couch wrapped.

"8. That the breakage of the stove and the fruit jars was unexplained.

"9. That the damages for said breakage, together with the value of the office chair and that of the articles originally delivered by Mrs. Winn to the transfer man at Shreveport, amounts to one hundred and twenty-five dollars and seventy-five cents."

The court's conclusions of law are as follows:

"1. Defendant having received the stove and the crate of fruit as a connecting carrier, is liable as a common carrier for any damages that arose from the breakage of said articles.

"2. That the loss of the couch wrapped, and the office chair occurred while defendant was acting as a warehouseman under the statute, in their custody, and that defendant, having exercised due and reasonable

care to protect, preserve, and deliver said above named articles, is not liable in damages for their value.

"3.   That plaintiff is damaged in the sum of $125.75."

Under Sayles' Revised Statutes, article 324, the court correctly, under the facts in evidence, applied to defendant the law concerning warehousemen.   There remains no question of liability of defendant, except as to the stove and the fruit which were delivered to appellee in a damaged condition.   There was nothing to show that the last named articles when they were received by defendant were in the damaged condition. The burden of showing this was on the defendant.   Texas & Pac. Ry. v. Capper, 84 S. W., 694; Gulf, C. & S. F. Ry. v. Edloff, 89 Texas, 460. The court was therefore not in error in its conclusion based on the finding that the breakage of the stove and the fruit jars was unexplained. If these particular articles were in good condition when they arrived at Corpus Christi and when they were placed by defendant in storage, the finding that defendant had exercised proper care as warehouseman would probably have applied to them as well as to the other property.   But there was no proof of this.

We conclude that the findings of the trial judge should be sustained, except as to the amount of plaintiff's damages.   Defendant was liable only for the injury to the stove and the fruit.   The only testimony on this subject was that of plaintiff, who placed the damage to the stove at $30 and to the fruit at $5.   The judgment will be reformed so as to allow plaintiff a recovery for $35, and as reformed it will be affirmed.

*Reformed and affirmed.*