# CASES

## FIRST DISTRICT

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1911.

---

Leonard Seed Company, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

## Gen. No. 15,491.

1. COMMON CARRIERS—*what evidence essential to recover for failure to deliver perishable merchandise in as good condition as when received.* In such an action predicated upon delay in transporting, there must be proof of condition at the time both of receipt and of delivery.

2. COMMON CARRIERS—*presumption as to condition of merchandise at the time of delivery.* In the absence of proof of condition of merchandise at the time of delivery to the carrier the presumption is that when it was delivered at destination such merchandise was in the same condition as when received by the carrier.

3. COMMON CARRIERS—*how proof of delay in transporting must be established.* Delay in transporting merchandise must be established by testimony showing that the time consumed in carriage was in excess of that which should have been taken under the conditions which prevailed upon the road of the carrier to whom the merchandise was entrusted. Evidence as to the time required to transport merchandise between the same points upon a different road is incompetent.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed with a finding of fact. Opinion filed May 16, 1911.

Leonard Seed Co. v. C. C. C. & St. L. R. Co., 162 Ill. App. 190.

GLENNON, CARY, WALKER & HOWE, for appellant.

FERGUSON & GOODNOW, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This is an action on a contract brought by the Leonard Seed Company, appellee, against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, appellant, to recover damages for the failure of the appellant to carry a certain shipment of onions or onion sets from Shelbyville, Indiana, to Chicago, Illinois, and failure to deliver the same at Chicago, Illinois, in as good condition as when received at Shelbyville, Indiana, on account of unreasonable delay. The declaration consists of one special count and the common counts.

The special count of the declaration alleges the original delivery of the shipment of onions or onion sets to the defendant railroad on March 16, 1904, for carriage from Chicago to Shelbyville, Indiana. There is no claim in the declaration or under the evidence for any delay or damages in this portion of the carriage. The claim averred in the declaration and attempted to be shown by the evidence is for failure to carry from Shelbyville, Indiana, to Chicago, Illinois, on an order to return the above mentioned shipment after its arrival at Shelbyville. The plaintiff's allegation in this particular is as follows: "The defendant on the day aforesaid, in the county aforesaid, promised the plaintiff to take care of said goods and chattels and safely carry the same in and by said car or train of cars over the said line of railroad from said Shelbyville, in the State of Indiana, to the city of Chicago, in the County of Cook and State of Illinois, aforesaid, and at the last named place to safely deliver the same to the plaintiff without reasonable delay and within reasonable time after receiving such order directing the return of said onion sets, and although the defendant as such carrier as aforesaid then received the said goods and chattels at the place aforesaid, for the purpose aforesaid,

192        APPELLATE COURTS OF ILLINOIS.

Leonard Seed Co. v. C. C. C. & St. L. R. Co., 162 Ill. App. 190.

yet not regarding its said promise, it has not taken care of said goods and chattels or safely carried the same from the city of Shelbyville aforesaid to the said city of Chicago, in the County of Cook and State of Illinois, nor as to the last mentioned place delivered the same to the plaintiff in as good condition as received by them at the city of Shelbyville, in the State of Indiana, on the 21st day of March, A. D. 1904," etc.

At the close of plaintiff's case, the defendant moved the court to direct a verdict for the defendant. The court overruled this motion and the defendant excepted.

And at the conclusion of all the evidence the defendant renewed the motion to direct a verdict, which the court overruled and the defendant excepted.

The plaintiff offered no evidence as to the condition of the onions or onion sets when ordered returned from Shelbyville, and there is none in the record except the evidence of Spolsky, Madden and Wakely, the defendant's witnesses, that the onion sets were so rotten as to be of no value at Shelbyville, Indiana, when the goods were ordered returned from that place to Chicago.

The only evidence offered by the plaintiff of the condition of the onions or onion sets at any time was that they were in good condition previous to leaving Chicago on March 16th, 1904, on the original shipment to Shelbyville. This evidence is in effect contradicted by the admissions implied in the letter of May 19th, 1904, to Spolsky that the sets were soft on account of damp weather.

The only evidence as to the amount of damages offered was the difference in the price of the onions at Chicago when sold to Spolsky on March 11, 1904, and the price at which the onions were sold on the return of the shipment to Chicago on April 1st, 1904. No evidence was offered by the plaintiff as to the value of the onions at Shelbyville at the time that the shipment was ordered returned, the only evidence on that point in the record being that of the defendant's witnesses that the onions when they arrived at Shelbyville on March 19th, 1904, were worthless.

Under the allegations of the declaration it was incumbent on the plaintiff to show the condition of the shipment at Shelbyville on March 24th, 1904. Plaintiff could not otherwise show that the shipment of onions or onion sets was not delivered in Chicago in as good condition as received by the defendant at Shelbyville on March 21st, 1904. Alfred Smith, who testified on behalf of the plaintiff having seen the onions the last of any of plaintiff's witnesses, testified that he knew nothing of their condition at Shelbyville. Between the time when the plaintiff's witnesses last saw the onions or onion sets and the time at which they were ordered returned to Chicago on March 23rd, 1904, five days had elapsed.

The failure of the plaintiff to show the condition of the onions or onion sets at Shelbyville on March 21st or 23rd, 1904, was in our opinion a failure of proof under the allegation of the plaintiff's declaration that "the defendant did not deliver said goods at Chicago in as good condition as received by them at Shelbyville on March 21st."

But irrespective of the allegations of the declaration, the burden was on the plaintiff to show delivery to the defendant at Shelbyville in good condition, and in the absence of proof of condition at Shelbyville, the presumption is that the defendant delivered the shipment at Chicago in the same condition in which it was received at Shelbyville. In suits against a carrier for damage to a shipment of goods, it is a prerequisite to the shipper's right to recover that he show that the goods were delivered to the carrier in good condition.

In Elliott on Railroads, (2nd edition), Volume 4, Sec. 1708, it is said: "It is well established that the plaintiff whose goods are lost or injured during transportation, will have made out a *prima facie* case of liability against the carrier in whose custody they were at the time of the loss, when he proves that the goods were received by the carrier in good order and that the carrier failed to deliver them according to his undertaking."

And in Sec. 1725 it is said: "The condition of the

property at the time it was delivered to the carrier should be proved in order to establish negligence by showing its damaged condition when delivered."

For the purposes of this case the time of delivery of the onions or onion sets to the carrier was the time that the order for the return of the shipment was received by the defendant, appellant, at Shelbyville.

In the Encyclopaedia of Law and Procedure, Vol. 6, page 517, it is said: "The plaintiff has, of course, the burden of proving the essential elements of his cause of action as required to be set out in his complaint. If the action is for injury to the goods, the burden is on the plaintiff to show that they were in good condition when delivered to the carrier, that is, that the bad condition complained of resulted while the goods were in the carrier's possession."

In American and English Encyclopaedia of Law (2nd Edition), Vol. 5, page 353, it is said: "The rule as to the burden of proof in an action against a carrier for loss or injury to goods is that the plaintiff is first bound to show affirmatively a receipt of the goods in good condition by the carrier. There is no presumption that the goods were in good order when received by the carrier."

And on page 534 of the said volume it is said: "If there is no proof on the part of the plaintiff as to the condition of the goods when delivered to the carrier, the presumption is that they were in the same condition when so delivered as when delivered by the carrier to the consignee."

At page 357 of the same volume it is said: "It has been held that where the carrier delivers goods in a damaged state, the burden is on him to prove that they were in the same state when received by him; but this holding violates the recognized rule that the burden is on the shipper to show delivery in good order to the carrier, and the better doctrine is that the presumption should be that the goods were received by the carrier in the same condition as when they were delivered by it."

We are of the opinion, from the evidence in this case, and the authorities, that the plaintiff failed to make out its case

as averred in the declaration and that the motion of the defendant, appellant here, at the close of the plaintiff's case, to direct a verdict for the defendant, should have been sustained. C. & A. R. R. Co. v. Benjamin, 68 Ill. 283; M. C. R. R. Co. v. Osmus, 129 Ill. App. 79.

It may be further said, though it is not necessary to a determination of the case as the same is presented on this record, that there was no evidence of delay shown by the plaintiff at the close of its case excepting the incompetent evidence of the witness Couffer. Under the plaintiff's declaration it was incumbent on it to prove unreasonable delay by the defendant in the carriage of the shipment. The only testimony introduced by the plaintiff on this point was that of the witness Couffer, who testified that he was engaged in the freight department of the Pittsburg, Cincinnati, Chicago & St. Louis Railway Company, a branch of the Pennsylvania lines, commonly known as the Pan Handle Railroad, and that on Pan Handle freight shipped from Shelbyville it would take four or five days to reach Chicago. The witness knew of the defendant, appellant, railroad, but knew absolutely nothing of the time it would take under the conditions on the defendant railroad for shipment from Shelbyville to Chicago. This evidence was objected to by counsel for the defendant and a motion to strike the testimony was made by the defendant and overruled by the court. We think the evidence of this witness was not competent and should have been stricken from the record. A further reason for that is in the fact that the witness testified that all his answers were given on the basis that a shipment was a through shipment and not a local shipment. The shipment in this case was a local shipment. The admission of this evidence in our opinion was reversible error.

At the close of all the evidence the testimony left no doubt that the onions or onion sets were rotten and worthless on their arrival at Shelbyville, Indiana, on March 19th. This was directly testified to by three witnesses for the defendant, the only witnesses in the case who were in a position to know the condition of the onions or onion sets at Shelbyville. We

think, therefore, there was not only a failure by the plaintiff to prove a delivery to the defendant of the onions or onion sets at Shelbyville in good condition, which the plaintiff was bound to prove, but the uncontradicted evidence on the part of the defendant shows that the shipment was rotten and worthless and the plaintiff could not recover therefor upon the averments of the declaration.

The proof fails to show delay in the shipment from Shelbyville, Indiana, to Chicago, or at most only a slight delay, and it fails to show that this slight delay was the proximate cause of the damaged condition of the goods in question. The failure to prove these elements constitutes failure to prove the cause of action.

For the reasons given the judgment is reversed with a finding of fact.

*Reversed with a finding of fact.*