### MARTIN v. KANSAS CITY, M. & O. RY. CO. et al.

(Court of Civil Appeals of Texas. Ft. Worth. May 27, 1911. On Motions for Rehearing and to Certify, July 1, 1911.)

1. CARRIERS (§ 228*) — CARRIAGE OF LIVE STOCK — INJURY TO STOCK — BURDEN OF PROOF.

A shipper of live stock who sues the initial carrier for injury to the stock has the burden of showing that the initial carrier's negligence caused the injury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 958; Dec. Dig. § 228.*]

2. CARRIERS (§ 185*)—INJURY TO FREIGHT—LIABILITY—PRESUMPTIONS.

Where freight has been transported by successive carriers, and is damaged en route, and the evidence does not show on what line the injury occurred, it is presumed that it occurred on the line of the terminal carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 835, 836; Dec. Dig. § 185.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**3. CARRIERS (§ 219\*) — CARRIAGE OF LIVE STOCK—LIABILITY FOR INJURY—EVIDENCE.**

Where, in an action against the initial carrier of live stock for injury to the stock, the undisputed evidence showed that the stock was in the charge of a stockyards company for over 36 hours, at the place of destination, but did not show that the employés of the company fed and watered the cattle as it was their duty to do, or that the cattle were not otherwise subjected to conditions causing the injury complained of, the initial carrier was not liable, though the connecting carrier was a partner in the shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 950; Dec. Dig. § 219.\*]

Appeal from Mitchell County Court; A. J. Coe, Judge.

Action by W. H. Martin against the Kansas City, Mexico & Orient Railway Company and another. From a judgment for defendant named, plaintiff appeals. Affirmed.

Ed. J. Hamner, for appellant. H. S. Garrett, for appellees.

CONNER, C. J. Appellant Martin instituted this suit in the justice's court against the appellee Kansas City, Mexico & Orient Railway Company of Texas, and against the Texas & Pacific Railway Company for damages to a shipment of cattle from Bront, Tex., on the line of the Kansas City, Mexico & Orient Railway, to Sweetwater, Tex., and from Sweetwater over the Texas & Pacific Railway to the Ft. Worth stockyards. The suit was later dismissed as to the Texas & Pacific Railway Company and prosecuted against the Kansas City, Mexico & Orient Railway Company alone. There was a trial in the justice's court which was adverse to Martin, and upon appeal and trial in the county court the judgment was likewise against him. He appeals and assigns a number of errors, but we think the questions raised by the assignments become immaterial in view of our conclusion upon appellee's first independent counter proposition.

It is there, in effect, insisted that there is no evidence of negligence on appellee's part and that no other judgment could, therefore, have been rendered than was rendered, and we think the contention must be sustained. The evidence shows that appellant ordered the car for shipment, which consisted of a car load only, for 12 o'clock noon, on November 23, 1909; that about 4 o'clock of that day upon the first train passing in the direction of Sweetwater over the line of appellee, the cattle were forwarded to Sweetwater, from which point, over the first freight train that could have taken the cattle, they were shipped over the Texas & Pacific Railway to Ft. Worth, Tex., and delivered at the Ft. Worth stockyards at about 11:55 p. m., November 24, 1909. This was too late for the market of the 24th; and the next day being a legal holiday there was no market until the 26th, when the cattle were sold. Appellant did not attend the shipment, and he failed to introduce the testimony of the only person whom the evidence shows did go with the cattle upon the same train. No evidence whatever is pointed out by appellant showing or tending to show negligence in delay, rough handling, or other thing causing or tending to cause injury between Bront and the Ft. Worth stockyards, and there is no evidence showing the condition of the cattle at the time of their arrival. The evidence only shows that on the 26th, when placed upon the market, the cattle presented a drawn and stale appearance, and therefore brought less upon the market than they otherwise would.

[1] The burden of proof was upon appellant to show that appellee's negligence was the cause of the injury of which he complains, and his only reliance is a mere inference arising from the fact of the condition of the cattle on the 26th.

[2] The rule is well established that, where freight has been transported by successive carriers, and it is damaged en route, and the evidence fails to show on what particular line the injury occurred, it will be presumed that it occurred on the line of the last carrier. Ft. W. & D. C. Ry. Co. v. Shanley, 36 Tex. Civ. App. 291, 81 S. W. 1014. This principle relieves appellee.

[3] If it be assumed that the Texas & Pacific Railway was under our statute a partner in the shipment with the appellee, as appellant insists, the case must yet fail, in that the proof of the condition of the cattle at the time of the delivery by the Texas & Pacific Railway at the Ft. Worth stockyards is not shown. Beyond dispute the cattle were in the charge of the stockyards company from the night of the 24th until the day of the 26th, when they were sold, and, while the testimony is to the effect that it was the duty of the stockyards hands to feed and water the cattle, it does not appear whether they did so or not; nor does it appear that the cattle were not otherwise subjected to conditions which would cause the stale appearance shown. In this respect the case is similar to that of Texas & Pacific Railway Co. v. Capper, reported in 38 Tex. Civ. App. 61, 84 S. W. 694. It was there held that where the railroad delivered certain china consigned to it for shipment to a transfer company at the city of destination, and the china was found to be broken after delivery by the transfer company to the consignee, that the railroad company could not be held liable for the loss, in the absence of evidence showing either the condition of the china when delivered by the transfer company, or any evidence to show where or how the china was broken.

We conclude that under the circumstances the burden was upon appellant to either show some negligent act or omission on the part of appellee, or to exclude by proof the inferences to be indulged that the injuries to his

---

\*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

cattle, if any, were caused by the negligence of the stockyards company or the intermediate carrier. Not having done so, we think the judgment must be affirmed, regardless of any technical error relating to other questions.

### On Motions for Rehearing and to Certify.

The motions for rehearing and to certify involve the mistaken assumption that the record shows that the cattle in controversy were in an injured condition when delivered by the terminal carrier to the consignee, and that appellant, neither in person nor by agent, accompanied the shipment. We held, and no other conclusion is fairly deducible from the record, that there was an entire absence of proof of injury to the cattle at the time they were delivered to the consignee at the stockyards at Ft. Worth. There was testimony also to the effect that Lee Richards, at appellant's request, accompanied the cattle in controversy and looked after them. It is true appellant denies this, but the verdict and judgment is against him, and we must impute a finding that Richards did accompany appellant's cattle as his agent. With these facts so accepted and understood, we think it clear that our original opinion is correct and not. in conflict with any of the decisions cited by appellant in support of a contrary conclusion.

The motions for rehearing, both original and amended, and the motion to certify are accordingly overruled.