GALVESTON, H. & S. A. RY. CO. v. FOETCHE.　(No. 5262.)

(Court of Civil Appeals of Texas. San Antonio. April 15, 1914. Rehearing Denied May 6, 1914.)

Carriers (§ 134*)—Carriage of Goods—Actions—Evidence—Sufficiency.

In an action against a railway company for injury to a shipment of cabbages on account of the improper icing of the car in which it was made, evidence *held* sufficient to sustain a verdict against the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 588–592, 607; Dec. Dig. § 134.*]

Appeal from Wharton County Court; J. R. Bowen, Judge.

Action by Otto Foetche against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, Proctor, Vandenberge & Crain, of Victoria, and W. L. Hall, of Wharton, for appellant. John A. Barclay and P. J. Alexander, both of Wharton, for appellee.

CARL, J. Appellee, Otto Foetche, sued the Galveston, Harrisburg & San Antonio Railway Company for $305.25, alleging that he shipped over appellant's line a car load of cabbage from Kreigel, in Wharton county, to San Antonio, in Bexar county; the grounds of negligence upon which recovery was sought being unnecessary delay in shipment and improper and insufficient icing of the car in which such shipment was made. It was alleged that, on account of the insufficient icing of said car and delay in delivery, the cabbage became unsalable, and was a loss, except $5 for which the car was sold. Appellee alleged that he paid $25 for icing the car, and that the cabbage were worth $280.25, thus making the $305.25 sued for. Appellant answered by general demurrer, general denial, and specially denied any negligence on its part, and pleaded over on cross-action for $91.20 for ice furnished in icing the car, less $25 paid by appellee, and $5 for which the cabbage were sold. The jury gave the plaintiff judgment for $305, less $40 paid for ice, and judgment was rendered in appellee's favor for $265, from which judgment this appeal is taken.

The evidence shows that the car was loaded at Kreigel Station on the 22d and 23d of

August, 1912, and left that place about 4 o'clock p. m. of the last-named date, and reached San Antonio at 9:05 p. m. on August 24, 1912. It was shown by the plaintiff and his witnesses that the cabbage were sound when placed in the car; that sound cabbage could be hauled in a car for 30 hours, the time these were in route, without any ice; and that they would spoil in an improperly iced car much quicker than if no ice was used whatever.

Appellant showed that this car came to Wharton on August 17th loaded with peaches consigned to H. E. Moore & Son. It was there until August 21st, while the peaches were being sold out. Witnesses testified that the car was cold and in good condition during that time, and that on the day it arrived 1,500 pounds of ice were placed in the bunkers, on the 19th 1,500 pounds more, and on the 20th another 1,500 pounds, while on the 21st 2,000 pounds more were put in, when the car was carried to Kreigel, seven miles from Wharton. And further that in the afternoon of August 23d the car came back to Wharton loaded with cabbage, and a witness says he put 2,000 pounds of ice in the bunkers, and says the car appeared to be in good condition. The witness Brady, for appellant, said that he put 6,000 pounds of ice in the bunkers at Rosenberg at 11:50 p. m. August 23d. Voelcker, the agent for appellant at San Antonio, says the car came in at 9:05 p. m. the 24th, and was in bad condition. The next morning (Sunday) he put 8,200 pounds of ice in the car.

There seems to be no dispute that the car was not delayed in shipment. So the sole question is as to whether there is sufficient evidence upon which the jury could base the finding that the car was insufficiently iced, either at the time the cabbage was put in or in transit, and whether that was the proximate cause of the decay of the same. Some of the witnesses testified that, while the car was dripping from the bunkers when it came, it was not dripping so much later and before it left.

Is it a legitimate inference from this testimony that the car was not properly iced, and, if it was not, did that fact cause the decay of the cabbage? There is no contention that the goods were not spoiled when they reached San Antonio, about 30 hours after they left the shipping point, and the evidence is sufficient to show they were sound when placed in the car. It is also in evidence that cabbage improperly or insufficiently iced will ruin sooner than if no ice was put in, and that, if not iced at all, the shipment should have been made so as to leave the cabbage in good condition.

We think it a legitimate inference from the testimony, and that the jury was warranted in concluding, that appellant did not sufficiently ice the car at the beginning, and that this fact caused the loss. Texas & P. Ry. Co. v. Copper, 38 Tex. Civ. App. 61, 84 S. W. 694. There being positive evidence that the cabbage were sound when placed in the car, and were ruined when they reached San Antonio, 30 hours later, coupled with the showing as to the manner of icing the car at and before the loading, would justify the conclusion that the negligence of the railway caused the injury. The assignments are all overruled, and the judgment is affirmed.