St. Louis, Iron Mountain & Southern Railway Company
*v.* Home Oil & Manufacturing Company.

Opinion delivered February 7, 1916.

Carriers—connecting carriers—damage to freight—presumption.—
Where goods are received by the initial carrier in good order, and are delivered by the terminal carrier in a damaged condition. in the

absence of other proof, the presumption arises that the shipment reached the terminal carrier in good condition, and the burden is cast upon the terminal carrier of meeting this presumption with evidence.

Appeal from Woodruff Circuit Court, Northern District; *J. M. Jackson,* Judge; affirmed.

*Troy Pace* and *W. G. Riddick,* for appellant.

1. A peremptory instruction to find for defendant should have been given. (1) The presumption prevails, when a shipment is handled by two carriers, that the damage occurred while the goods were in possession of the last carrier. 73 Ark. 112; 76 *Id.* 589; 93 *Id.* 439; 91 *Id.* 97. The burden was on plaintiff first to show that the loss occurred while in transit. 4 Rul. Case Law, § 383; 25 Am. St. 59. (2) The consignee refused to accept the seed on arrival, when it was its duty to accept and prevent further damage. 90 Ark. 524; 99 *Id.* 568; 90 *Id.* 37.

2 There was no proof of negligence. By statute the initial carrier is liable. There was no proof of delivery to the carrier of the seed in good condition, but there was proof that they were in bad condition when first delivered. Cases *supra.*

*Harry M. Woods,* for appellee.

1. This cause was properly submitted to the jury. Every question raised was submitted under proper instructions most favorable to defendant. There was ample evidence of the good condition of the seed when shipped; the bill of lading recites the seed "in good condition." 6 Cyc. 423.

2. The presumption that the last carrier was liable, is rebutted by the proof. 82 Ark 150; 74 *Id.* 597; 31 L. R. A. (N. S.) 107; 113 S. W. 233; 25 S. W. 1077. The damage having been shown to exist while on defendant's road and before delivered to the Transfer Co., the burden was on appellant to show that the damage did not occur on its line. 82 Ark. 353; 73 *Id.* 112; 72 *Id.* 502.

3. A verdict was warranted against either or both companies. 73 Ark. 116; 61 *Id.* 381. There is no question as to the amount of damages.

McCulloch, C. J.   Appellee instituted this action to recover damages sustained by reason of negligent delay in transportation of a carload of cotton seed from Gregory, Arkansas, to Augusta, Arkansas.   Appellee is a domestic corporation engaged in operating an oil mill at Augusta, and purchased the carload of cotton seed from a ginning concern at Gregory and caused the same to be consigned by railroad from Gregory to Augusta.   The Chicago, Rock Island & Pacific Railway Company was the initial carrier which received the car at Gregory and transmitted it to Jelks, a point on the line of appellant's road, and it was thence carried by appellant to New Augusta and delivered to another carrier, the Augusta Tramway & Transfer Company, which carried it the short distance from New Augusta to destination.   The car was received for shipment by the initial carrier on October 4, 1914, and was not delivered to the consignee at the point of destination until the forenoon of October 16.   Each of the three carriers was made a party to this suit, and on a trial of the issues the jury returned a verdict in appellee's favor against appellant, the other two defendants being exonerated by the verdict.

The only contention here is that the evidence is not sufficient to sustain the verdict.   We are of the opinion that the evidence is sufficient.

In the first place, it is said that the testimony does not show that the cotton seed were in good condition when delivered to the initial carrier.   That contention is not tenable, we think, for the testimony of one of the witnesses tends to show that the seed were in good condition when delivered to the carrier for transportation.   The witness had no express recollection about this particular car, but he said that he handled all the seed that were shipped from the gin at Gregory and that they were all in good condition when shipped out.

The next point made as to the insufficiency of the testimony is that it does not show that the delay which caused the damage—if indeed the damage was caused by delay in transportation—occurred while the car was in the hands of appellant.   None of the defendants introduced

any testimony, nor was there any testimony introduced at all tending to show when the car was delivered by the initial carrier to appellant, nor what condition the cotton seed were in at the time of such delivery. It was, however, developed in the testimony that the cotton seed were delivered by appellant to the delivering or terminal carrier at New Augusta on October 13th, and that the seed at that time were in a bad condition—in fact, that the seed were spoiled and in the condition in which they were finally delivered to the consignee. There was unnecessary delay caused by the last carrier, but the jury were warranted in finding from the evidence that the damage to the seed was done before delivery to the last carrier; in other words, that the damage occurred while the shipment was being handled either by the initial carrier or by appellant, the intermediate carrier.

In an exhaustive note to the case of *Roy* v. *C. & O. Ry. Co.,* 31 L. R. A. (N. S.) 1, the prevailing rule with respect to presumptions, where goods pass through the hands of several carriers, is stated as follows: "When goods are received by the initial carrier in good order, and are delivered by the terminal carrier in a damaged condition, the courts well-nigh uniformly recognize that, nothing else appearing, a presumption arises, born, it is said, of convenience and necessity, that the shipment reached the terminal carrier in the same condition as when delivered to the initial carrier, which casts upon the terminal carrier the burden of meeting this presumption with evidence that the goods were not injured while in its transportation." Numerous cases are cited in support of the text, among others several decisions of this court, beginning with the case of *St. L., I. M. & S. Ry. Co.* v. *Coolidge,* 73 Ark. 112.

The presumption may be rebutted by proof, and there was in this case enough testimony adduced to overcome that presumption and to show that the damage was caused by delay which occurred before the cotton seed were delivered to the last carrier. In that case the presumption, for the same reason, prevails against the next preceding carrier and places on it the burden of showing that the

damage was not caused while in its possession. *Ft. Worth & D. C. Ry. Co.* v. *Shanley,* 36 Texas Civil Appeals, 291, 81 S. W. 1014; *Connelly* v. *Illinois Cent. Ry. Co.* (Mo.) 113 S. W. 233. Applying this rule to the case in hand, it is found that the evidence is sufficient to make out a *prima facie* case against the appellant, which has not been overcome.

It is also contended that the evidence shows that appellee refused to accept the shipment and that the damage was caused or augmented by that delay. The point seems not to have been stressed in the testimony below, but there is at any rate enough testimony to justify a finding that all the damages were done to the cotton seed before they were tendered to the consignee and that the latter accepted the goods promptly after they were tendered. It is true that one of the employees of the delivering carrier stated that the delay of three days, while the seed were in the hands of that carrier, was caused by the refusal of the consignee to accept; but the testimony of Mr. Winfield, the manager of appellees' manufacturing plant and business, was sufficient to justify the conclusion that the refusal and the final acceptance all occurred on the same day, and that there was no time for the injury to occur between the time of the refusal and the final acceptance.

There is no assignment of error except the alleged insufficiency of the evidence, and since we find that there was enough to sustain the verdict, it follows that the judgment must be affirmed, and it is so ordered.