## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY *v.* LAROSA.

### [No. 10,752.    Filed May 10, 1921.]

1. CARRIERS.—*Carriage of Goods.—Interstate Shipment.—Damages.—Common-Law Liability.—*Where an interstate shipment was damaged in transit, the consignee could prosecute an action against the terminal carrier either at common law or under the Carmack Amendment to the Interstate Commerce Act (§§8604a, 8604aa.    U. S. Comp. Stat. 1916).    p. 477.

2. CARRIERS.—*Carriage of Goods.—Damages.—Action at Common Law.—Practice and Procedure.—Carmack Amendment.—*In an action at common law against a terminal carrier by a consignee for damages to an interstate shipment in transit, all presumptions that existed in favor of a plaintiff in such an action prior to the Carmack Amendment to the Interstate Com-

merce Act (§§8604a, 8604aa U. S. Comp. Stat. 1916) were available to the consignee, as such amendment did not change the rules relating to the "practice, procedure or evidence" in common-law actions arising from interstate shipments. p. 477.

3. CARRIERS.—*Carriage of Goods.—Damages.—Action at Common Law.—Proof.*—Where a consignee of an interstate shipment damaged in transit elected to prosecute an action at common law against the terminal carrier, he was bound to establish by a preponderance of the evidence that the shipment was damaged while in the possession of defendant carrier and the amount of the damages, and it is not sufficient to show that it was damaged on delivery at the destination, as it must be shown what condition the shipment was in when received by the terminal carrier. p. 478.

4. CARRIERS.—*Carriage of Goods.—Receipt of Goods by Carrier. —No Presumption as to Condition.*—The mere fact that goods were received by a carrier for shipment is not sufficient to create a presumption that such goods were in good condition when received. (Cleveland, etc., R. Co. v. Schaefer [1910], 47 Ind. App. 371, distinguished.) p. 478.

5. CARRIERS.—*Carriage Goods.—Damages.—Connecting Carriers. —Negligence.—Presumptions.—Receipt of Goods in Good Condition.*—Where freight is received by the initial carrier in good condition, and is delivered to the terminal carrier in a damaged condition, the presumption arises, the contrary not appearing, that such freight was delivered to the terminal carrier in the same condition as when received by the initial carrier, by reason of which presumption the burden is cast on the terminal carrier to show that the freight was not injured while in its possession, but in the absence of proof that the freight was in good condition when delivered to the initial carrier, such presumption does not exist, and there is no burden on the terminal carrier. p. 479.

From Marion Superior Court (A4,402) ; *V. G. Clifford,* Judge.

Action by Joseph M. Larosa against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Samuel O. Pickens, Charles W. Moores, R. F. Davidson* and *Owen Pickens,* for appellant.

*William E. Reiley* and *Paul G. Davis,* for appellee.

BATMAN, J.—This is an action by appellee against appellant to recover damages arising from the shipment of two car loads of bananas from New Orleans, Louisiana to Indianapolis, Indiana. The complaint is in a single paragraph, and alleges that the bananas were delivered to appellee by appellant at the latter place in a worthless condition, by reason of having been frozen through the negligence of appellant. The complaint was answered by a general denial, after which it was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court is made the basis of the only error assigned on appeal.

Appellant contends that the verdict is not sustained by sufficient evidence, and is contrary to law. The evidence shows that the action in this case arose

1. out of an interstate shipment, in which the Illinois Central Railroad Company was the initial carrier, and appellant was the terminal carrier. Therefore, appellee could have instituted an action under the Carmack Amendment to the Interstate Commerce Act, (134 Stat. at L. 593, §§8604a-8604aa U. S. Comp. Stat. 1916) but he did not elect so to do, but chose instead to prosecute this action at common law against appellant, the terminal carrier. In doing this, he was within his rights. *Toledo, etc., R. Co.* v. *Milner* (1915), 62 Ind. App. 208, 110 N. E. 756; *Chesapeake, etc., R. Co.* v. *Jordan* (1916), 63 Ind. App. 365, 114 N. E. 461.

2. On the trial all presumptions that existed in favor of a plaintiff in such an action, prior to the passage of said Carmack Amendment, were available to appellee, as said amendment did not change the rules relating to the "practice, procedure or evidence" in common-law actions arising from interstate shipments. 10 C. J. 560; *Erisman* v. *Chicago, etc., R. Co.* (1917), 180

Iowa 759; 163 N. W. 627; *Duvall* v. *Louisiana,* etc., *R. Co.* (1914), 135 La. 189, 65 South. 104; *Chicago, etc., R. Co.* v. *Harrington* (1914), 44 Okla. 41, 143 Pac. 325; *Eastover, etc., Co.* v. *Atlantic, etc., R. Co.* (1914), 99 S. C. 470, 83 S. E. 599. It is evident, that before appellee would be entitled to recover in this action, 3. he must establish by a preponderance of the evidence, that the bananas in question were damaged while in the possession of appellant for transportation and delivery, and the amount of such damages. There is ample evidence to show that the bananas were worthless when delivered by appellant to appellee at Indianapolis, but we fail to find any evidence tending to show what their condition was when they were received by appellant at its connecting point with the initial carrier. For anything disclosed by the evidence, they may have been in substantially the same condition when so received as when delivered to appellee. In that event he would have no cause of action against appellant. Appellee does not contend that there is any evidence showing the condition of the bananas when appellant received them from the initial carrier, but asserts, that in the absence of any evidence on that subject, it will be presumed that they were in good condition at that time. We cannot agree that such a presumption exists under the facts of this case. The greater weight of authority and the better reason 4. lead us to conclude that the mere fact that goods were received by a carrier for shipment is not sufficient to create a presumption, that such goods were in good condition when so received. *Jean, Garrison & Co.* v. *Flagg* (1904), 90 N. Y. Supp. 289; *Leonard Seed Co.* v. *Cleveland, etc., R. Co.* (1911), 162 Ill. App. 190; *Smith* v. *New York, etc., R. Co.* (1864), 43 Barb. (N. Y.) 225; *Sheble* v. *Oregon R., etc., Co.* (1909), 51 Wash. 359, 98 Pac. 745; *Brooks* v. *Dinsmore* (1887), 3

N. Y. St. 587; *Haglin-Stahr Co.* v. *Montpelier, etc., R.* (1918), 92 Vt. 258, 102 Atl. 940; *Michellod* v. *Oregon, etc., Co.* (1917), 86 Ore. 329, 168 Pac. 620. We are cited to a few authorities that appear to hold the contrary, but do not believe that justice would be promoted by following them. Our attention is also called to the case of *Cleveland, etc., R. Co.* v. *Schaeffer* (1910), 47 Ind. App. 371, 90 N. E. 502, wherein this court, in speaking of the shipment of a soda fountain, said: "It must be presumed, in the absence of a showing to the contrary, that the goods delivered to the carrier and accepted by it for carriage were in good order for carriage when received. If they were not so received, it was for the carrier to plead and prove that fact." This case, however, does not support appellee's contention, as the statement quoted evidently relates to the crating or boxing of the fountain, and not to its actual physical condition. There are well-grounded reasons for holding, that when a carrier receives freight for shipment, it will be presumed that it is sufficiently boxed or crated for safe carriage, that do not exist for holding that such freight itself is in good physical condition. Such reasons will readily suggest themselves even on casual reflection.

Our attention has also been called to the case of *Nashville, etc., R. Co.* v. *Johnson* (1914), 60 Ind. App. 416, 106 N. E. 1087, 109 N. E. 912, wherein this court said: "With practical uniformity, courts recognize the rule that where freight, including live stock, is received by the initial carrier in good condition, and is delivered by the terminal carrier in a damaged condition, the presumption arises, the contrary not appearing, that such freight was delivered to such terminal carrier in the same condition as when received by the initial carrier, by reason of which presumption the burden is cast on such terminal carrier to show that the freight was not injured while in its possession." It

will be observed, however, that this rule is predicated on the fact that the goods "is received by the carrier in good condition." This fact, however, must be proved, as appears from the authorities cited above. We are supported in this conclusion by Elliott in his work on Railroads, wherein the author says: "When goods are delivered to the first carrier in good order and are afterwards injured, the presumption, in the absence of anything to the contrary, is that they were injured by the last carrier. It has also been intimated that, in the absence of any evidence on the subject, they will be presumed to have been delivered to the first carrier in good order, and that this presumption prevails as against each succeeding carrier, but we think this doctrine is unsound, for there is nothing upon which to base such a presumption; the owner has at least equal means of knowing the condition of the goods when delivered to the first carrier, and if they are in bad order when delivered by the last carrier, the same reason for presuming that they were originally in that condition may exist, as for presuming that when started in good order they remained in that condition until after they were received by the last carrier." 4 Elliott, Railroads §1450. The reason for giving effect to the presumption, first above stated, has been briefly stated as follows: "This presumption becomes necessary to protect the shipper's rights and to save them from the necessity of making proof, which under the circumstances would be almost, if not entirely, impossible for them to make; they having no jurisdiction or observation of the goods during the transit, while the care and custody and observation of the goods have been in the hands of the respective carriers." *Sheble* v. *Oregon R., etc., Co., supra.* See also the following cases where the reasons for such a presumption have been considered. *Laughlin* v. *The Chicago, etc., R. Co.* (1871), 28 Wis. 204, 9 Am. Rep.

493; *Smith* v. *New York, etc., R. Co., supra; Shriver* v. *Sioux City, etc., R. Co.* (1878), 24 Minn. 506, 31 Am. Rep. 353; *Flynn* v. *St. Louis, etc., R. Co.* (1891), 43 Mo. App. 424; *Moore* v. *New York, etc., R. Co.* (1899), 173 Mass. 335, 53 N. E. 816, 73 Am. St. 298; *Texas, etc., R. Co.* v. *Capper* (1905), 38 Tex. Civ. App. 61, 84 S. W. 694; *Dunlap* v. *Great Northern R. Co.* (1914), 34 S. D. 320, 148 N. W. 529, Ann. Cas. 1916D 805. It must be manifest that such reasons do not support a conclusion, that the mere fact that goods are received by a carrier for shipment should raise a presumption that they are in good physical condition at such time, but in fact clearly disclose that such a presumption ought not to be indulged. For the reasons stated we are of the opinion, that there is a total absence of any evidence to show that the bananas in question were damaged while in the possession of appellant, or that they were in any way responsible for their worthless condition when they were delivered to appellee. We therefore conclude that the court erred in overruling appellant's motion for a new trial. Judgment reversed with instructions to the trial court to sustain said motion and for further proceedings consistent with this opinion.