Ruddell v. The Baltimore and Ohio R. R. Co., 152 Ill. App. 218.

plaintiff resting its case, the court peremptorily, of its own motion, instructed the jury to find the issues for the defendant, and entered judgment on the verdict, from which judgment this appeal is prosecuted.

In our opinion there was evidence tending to support the plaintiff's action, and sufficient to require the court to submit the cause to the jury, under proper instructions.

For the error of the court in peremptorily instructing the jury to find the issues for the defendant, the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

---

**Thomas C. Ruddell, Defendant in Error, v. The Baltimore and Ohio Railroad Company, Plaintiff in Error.**

### Gen. No. 14,803.

1. Instructions—*when should be accurate.* If the case is close on the facts the instructions should be accurate.

2. Common carriers—*when cannot complain of non-production of bill of lading.* In an action for damage for the negligent transporting of merchandise, the carrier cannot complain of the failure of the plaintiff to put in evidence the bill of lading from the primal point of shipment, when he did not produce such evidence or show its inability to produce the same.

3. Common carriers—*basis of liability of connecting carrier.* The presumption is that merchandise delivered to a carrier is in good condition at the time of receipt, and the further presumption is indulged, in an action against a connecting carrier, that when the merchandise was delivered to it it was in good condition.

4. Common carriers—*extent of liability for negligent transportation.* A carrier of merchandise is only liable for such deterioration in merchandise carried as is attributable to its negligence.

5. Common carriers—*measure of damage for negligent transportation.* The true measure of damages is the difference between the market value of the merchandise at the point of destination in the condition in which it would have arrived but for the negligence

of the carrier, and its market value in the condition in which it did arrive.

Tort. Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed December 23, 1909.

CALHOUN, LYFORD & SHEEAN, for plaintiff in error; C. D. CLARK and EDWARD W. RAWLINS, of counsel.

CHARLES A. BUTLER, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff recovered a verdict and judgment for $602.75 against defendant as damages for negligence in transporting a car of oranges from McPherson, California, to Baltimore, Maryland. The action was originally brought against three other railroads over whose lines the oranges were carried before connecting with the road of defendant and its taking possession of the car. The jury by their verdict found these three defendants not guilty, and the remaining defendant seeks this review and asks a reversal of the judgment.

The car contained 360 boxes of oranges, all in good condition when shipped, but on arrival in Baltimore they were found to be in bad condition, some of them being spoiled and the boxes broken and in such a condition as to indicate that the car had been in a wreck or severely bumped at some point in the long journey from McPherson to Baltimore. The oranges were shipped at McPherson in C. F. X. car 10,034, but were received by the Baltimore & Ohio Railroad Company in C. F. X. car 10,991 at Chicago, and in that car arrived at Baltimore. The damages were assessed upon the theory that the value of the oranges at destination, if in as good condition as when shipped, would have been $1,375.60; that their value in the condition in which they actually arrived was $787.05, making a difference in value of $588.55, to which was added a

220　Appellate Courts of Illinois.

Ruddell v. The Baltimore and Ohio R. R. Co., 152 Ill. App. 218.

charge for labor in sorting and handling the damaged oranges on arrival, making together the amount of the verdict and judgment. At some time and some place between McPherson and Chicago, for some reason not shown by the proofs, the oranges were transferred from car 10,034 to car 10,991. The oranges were proven to be in good condition when shipped at McPherson, but what their condition was at the time of transfer the proof does not show. It was stipulated by the parties, and read on the trial as evidence by defendant, that the conductors having charge of the car from Chicago to Baltimore would testify that, so far as they could recall, no accident happened to the car or the trains in which it was carried.

The right of recovery being a close question on the facts in proof, made it incumbent upon the trial judge to be exact in his instructions to the jury upon the law. It may be said to be at least doubtful whether plaintiff, by simply proving the condition of the oranges at the point of shipment (in light of the admitted fact that the oranges were trans-shipped at some point *en route* before delivery to defendant), made a sufficient case to raise a presumption of negligence in defendant because the oranges arrived in Baltimore in bad condition, calling upon defendant to rebut such presumption by affirmative proof. There is a total lack of proof of any specific act of negligence on the part of defendant which caused damage to the oranges, so that the right to recover rests in the presumption of negligence arising from the fact of delivery at the starting point in good condition and arrival in a damaged condition at destination.

Defendant complains that plaintiff did not put in evidence the bill of lading from the point of primal shipment, which, it argues, would have shown whether or not the shipment was one through from place of shipment to Baltimore; but be this as it may, we can understand how, in such cases, the shipper or consignee might be unable to show such fact, while in

every case the evidence regarding the terms of shipment, if not in the actual possession, is at least within the control of the carrier. We think if such evidence becomes important to a rightful solution of the dispute, a carrier cannot be heard to complain of its nonproduction by the plaintiff when it is within its power to produce such evidence, and to excuse its non-production should show by proof its inability to produce it. It does not seem to us that defendant's contention that the case rests on a presumption based upon a presumption is well taken. The presumption to sustain a recovery, rests in that primary presumption, if in any, that the initial carrier received the oranges in good condition. Such presumption is but an inference or conclusion of law from the facts in proof. The rule of law is that the liability of a connecting carrier for loss of or injury to goods *in transitu* is based upon a presumption, inferable from the fact that the goods being received in good order have been transmitted in like condition to the carrier held liable, such presumption being necessary to preserve the shipper's rights, since the carrier, not the shipper, has control of the goods. Sheble v. Oregon, etc., 98 Pac. Rep. 745. In the case at bar it may not be within the power of plaintiff to prove the cause which resulted in the oranges being taken from one car and placed in another. If it was occasioned through the wrong of the carrier, proof by plaintiff may be impossible; if at the direction of the consignor or consignee, that fact is readily susceptible of proof by the carrier. Moreover, the carrier can inspect the contents of the car when received from the connecting road and thereby preserve evidence of the fact.

The trial court gave the following instruction at the instance of plaintiff:

"The court instructs the jury that in the event you find from all the evidence in this case that the oranges in question, when delivered, if at all, to the Southern Pacific Company for transit in question, were in good,

sound, merchantable and shipping condition, and that upon arrival of said oranges at the destination of said transit, they were not in sound, merchantable and shipping condition, then and in that event, as a matter of law the measure of damages herein will be the difference between the fair and reasonable market value of said oranges in sound condition at said destination at the time of their arrival thereat and the fair and reasonable market value of said oranges at said time and place in the condition in which they arrived thereat; plus the reasonable value of any labor invested in said oranges at destination after the time of arrival thereat, if you find such labor was so invested.''

This was clearly erroneous in not restricting the measure of damages to such damages caused by the negligence of the carrier. The instruction as given was too broad, for it made the carrier liable for all deterioration in the condition of the oranges during transit, from whatever cause, whether attributable to the negligence of the carrier or to causes beyond its control and for which the law does not make it liable.

The rule for the assessment of damages in this and like cases is well stated in M. C. Ry. Co. v. Osmus, 129 Ill. App. 79, where the court say: ''The true measure of damages is the difference between the market value of the cattle at the point of destination in the condition in which they would have arrived but for the negligence of the carrier, and their market value in the condition in which they did arrive.'' The liability of the carrier, in all cases, is restricted to damages attributable to such carrier's negligence or want of care, and want of care, where the law requires such care, is negligence. C. C. C. & St. L. Ry. Co. v. Patton, 104 ibid. 550; N. Y. L. E. & W. Ry. Co. v. Estill, 147 U. S. 591.

That oranges are in their nature perishable is common knowledge. The oranges which were the foundation of this dispute were seventeen days *in transit,* and no claim is made of delays in such transit. It is

CHICAGO—FIRST DISTRICT—DECEMBER, 1909. 223

Mystic Workers of the World v. U. S. F. & G. Co., 152 Ill. App. 223.

apparent, therefore, that so long a journey, occupying so many days, may have caused a natural deterioration in the condition of the oranges, attributable to natural causes and not to the negligence of the carrier. By instruction D the carrier was made liable for all deterioration in the condition of the oranges, whether from natural causes beyond the control of the carrier, or attributable to its negligence. The liability of the carrier goes no farther than for damages occasioned by its negligence, and the instruction under discussion was erroneous in not so indicating. The jury evidently assessed the damages upon the assumption that the oranges would arrive in Baltimore in the same good condition in which they left McPherson, and rendered their verdict upon this erroneous theory.

The judgment of the Municipal Court is reversed and the cause will be remanded.

*Reversed and remanded.*