**Thomas C. Ruddell, Assignee of J. H. Seward, trading as J. H. Seward & Company, Defendant in Error, v. The Baltimore & Ohio Railroad Company, Plaintiff in Error.**

### Gen. No. 16,691.

1. CARRIERS—*presumption of negligence.* Where a shipment of oranges is delivered to the initial carrier in good condition and arrives at its destination damaged, there is *prima facie* evidence of negligence on the part of the last carrier which casts on it the burden of proving that it provided all suitable means of transportation and exercised the degree of care the property required or that it received the property in damaged condition.

2. CARRIERS—*evidence to rebut presumption of negligence.* Where boxes of oranges were delivered in damaged condition, proof that before delivery to the last carrier the car was in bad condition so that the fruit was transferred to another, is not sufficient to rebut the presumption of negligence which rests on the last carrier.

Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed December 11, 1912.

CALHOUN, LYFORD & SHEEAN, for plaintiff in error; EDWARD W. RAWLINS, of counsel.

CHARLES A. BUTLER, for defendant in error; BUELL & ABBEY, of counsel.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

May 14, 1910, judgment was entered in the lower court for $602.75 against The Baltimore & Ohio Railroad Company in favor of Thomas C. Ruddell, assignee of J. H. Seward, as damages to 362 boxes of oranges shipped from McPherson, Cal., to Baltimore, Md., by reason of the railroad company's failure to use proper care of said oranges as a common carrier. This is the second judgment in this cause reviewed

by an Appellate Court of this district, and we refer to the opinion of Presiding Justice Holdom in 152 Ill. App. 218, for a statement of the case, and which statement, together with the additional facts appearing in this opinion, furnish a complete statement of the case now here pending.

It is now contended by plaintiff in error, the railroad company, (1) that there is no evidence in the record tending to support defendant in error's claim and that the peremptory instruction to find the defendant not guilty should have been given; and (2) that the verdict is against the manifest weight of the evidence.

*First.* The proof without dispute shows that the oranges were delivered to the initial carrier at Mc-Pherson, Cal., Southern Pacific Railway Company, in good condition, and that at the time they were delivered at destination by plaintiff in error, the last carrier in said transit, they were in bad condition and were very much damaged. This evidence is *prima facie* evidence of negligence on the part of plaintiff in error, and casts the burden on it to rebut that presumption of negligence by proof that it provided all suitable means of transportation, and exercised that degree of care which the nature of the property required, or by proof that the damage occurred before the oranges were received for further transportation by plaintiff in error. Wabash R. Co. v. Johnson, 114 Ill. App. 545; Michigan Cent. R. Co. v. Chicago E. V. Co., 124 Ill. App. 158.

It is insisted by plaintiff in error that the evidence in this case shows that the original destination of the oranges in question was Chicago, Ill., and that from Chicago the goods were reshipped over plaintiff in error's line to Baltimore, and that before defendant in error can recover the proof must further show that the oranges were in good condition when reshipped and delivered to plaintiff in error at Chicago, citing as authority, Sheble v. Oregon R. & Nav. Co., 51 Wash.

458 APPELLATE COURTS OF ILLINOIS.

Ruddell v. The Baltimore & Ohio Railroad Co., 175 Ill. App. 456.

359, and Missouri Pac. Ry. Co. v. Breeding, 16 S. W. 184. The evidence in this record, however, shows that the oranges were diverted while *en route* from Chicago to Baltimore, and that the shipment was one continuous shipment from McPherson to Baltimore without any reshipment or redelivery at Chicago. This is shown by the testimony of Mr. J. H. Russell, and by the fact that the plaintiff in error collected the entire freight from McPherson to Baltimore as one continuous transportation. The owner or consignee of freight has the right to divert or change the destination of it while in transit, and when so diverted, no reason is perceived why the same presumption should not prevail as in the case where the original shipment was to the point to which the freight was diverted, that is, that if proved to have been received by the initial carrier in good condition and delivered by the last carrier in bad condition, the presumption is that the responsibility for the damage rests upon the last carrier. Lewis v. Galena & C. U. R. Co., 40 Ill. 281.

*Second.* It was a question for the jury to decide, under the evidence, whether the *prima facie* case made by the defendant in error was rebutted. The proof of plaintiff in error merely showed that on the arrival of the car in which the oranges were originally shipped at Council Bluffs, Iowa, it was tendered to the N. W. R. R. Co., inspected by a car inspector who found that the car was in such bad condition that it could not be repaired under load, and the contents were transferred to another car and sent forward; that one draft-timber bolt in the car was broken; that the draft-sills and end sills and a cross-tie timber of the car were broken; and that fourteen days after shipment from McPherson the car to which the fruit was transferred was delivered to plaintiff in error by the Northwestern, and was then delivered at Baltimore on schedule time two days later. It can not be said that this evidence proves that the oranges were in the damaged condition

in which they were delivered at Baltimore. The proof required was that the oranges were damaged by another carrier, and not by plaintiff in error. Proof that the car was in a damaged condition and the fruit transferred does not tend to prove that the oranges were then damaged. Plaintiff in error apparently had the opportunity to prove by its witness, the car inspector, the condition of the oranges at the time they were transferred to the second car, but he was not even examined touching that question. The admission in the record to the effect that the conductors in charge of the car on the line of plaintiff in error would, if present, swear that so far as they could recall no accident happened to said car, or the train in which it was carried, and that the train-books kept by them individually and in which it was a part of their duty to record accidents or unusual occurrences in connection with any cars in their trains, did not show that any accident occurred to said car while in their charge, or that anything unusual happened to it, and that the books were kept correctly, were not sufficient in our judgment to rebut the *prima facie* case made by defendant in error. The jury were not advised by this evidence as to the ability or opportunity of those conductors to tell with what care the oranges were handled while carried by their trains, or standing at stations, and the jury was entirely uninformed as to what care the car and fruit received at destination and before delivery. The evidence for defendant in error was to the effect that when the fruit was delivered on the track in the car the "entire contents, that is practically every box was more or less smashed and broken," and oranges were scattered all over the car and were picked up and had to be reboxed and cared for before they could be put in salable condition. The evidence also showed that the contents of the car, the boxes of oranges in question, were broken up and shifted and pitched about in the car, and that a great

many of the boxes were "nearly demolished". This evidence tended strongly to show that they had been handled very roughly and damaged while in the car in which they were delivered.

The judgment is not manifestly against the weight of the evidence, and it is, therefore, affirmed.

*Judgment affirmed.*