since deceased, unless held in the presence of surviving agents of such adverse party; and in an action by it defendant is incompetent as to conversations held with its agent, since deceased.

2. SET-OFF AND RECOUPMENT, § 10*—*when claim for commissions proper subject for set-off.* In an action by a brewing company to recover for beer sold defendant, the latter's claim to commissions under an agreement with plaintiff by which he was to receive a fixed commission for securing new customers the amount of such commissions to depend upon the daily consumption of beer by such new customers, is a proper subject of set-off, and is none the less liquidated because requiring extrinsic evidence that such new customers had sold the requisite number of barrels of beer.

---

**Daniel J. Coyne and Richard Coyne, trading as Coyne Brothers et al., Defendants in Error, v. Grand Rapids and Indiana Railway Company, Plaintiff in Error.**

**Gen. No. 18,658.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 11, 1914.

## Statement of the Case.

Action by Daniel J. Coyne and Richard Coyne, trading as Coyne Brothers, and George C. Bower and P. H. McDermand, trading as Montcalm Potato Company, against Grand Rapids and Indiana Railway Company to recover damages occasioned by delay of defendant in transporting two cars of potatoes from Big Rapids, Michigan to Chicago. The plaintiffs recovered a verdict and judgment against the defendant for $252.88 damages, the amount of the verdict approximating the difference between the market value in Chicago of the potatoes in the condition they should have been delivered and the market value in the con-

dition in which they were delivered. To reverse the judgment, defendant prosecutes error.

LOESCH, SCOFIELD & LOESCH, for plaintiff in error.

CHARLES A. BUTLER, for defendants in error.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 160*—*when limitation of liability in contract not available.* Where a carrier unjustifiably deviates from the agreed route or mode or manner of transportation, it becomes liable as an insurer for any loss or injury to the shipment, and cannot avail itself of any exceptions made in its behalf in the contract of shipment.

2. CARRIERS, § 168*—*when condition in shipping contract limiting claim for damages to value of goods at place of shipment cannot be availed of.* A condition appearing on the back of a shipping order and bill of lading that a claim for loss or damage to property shall be computed on the basis of the value of the property at the place and time of shipment, cannot be availed of by the carrier where the claim for damages resulted from failure to deliver the shipment at the destination to which it was received for shipment.

3. CARRIERS, § 108*—*when waiver of compliance with contract is question for jury.* In an action for damages resulting from misdelivery of a shipment, where the shipment was delivered on the tracks of a different railroad than the one provided for in the contract of shipment, *held* that the question whether acceptance of the shipment by the plaintiffs operated as a waiver of compliance with the contract was a question for the jury.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.