**R. A. Watson, Defendant in Error, v. The Missouri Pacific Railway Company, Plaintiff in Error.**

**Gen. No. 19,173.**

1. CARRIERS, § 139*—*when recovery for damages to fruit warranted by the evidence.* In an action against a railroad company to recover damages to a shipment of peaches alleged to have been damaged by delay resulting from a deviation from the routing as provided in the receipt, or bill of lading, *held* a verdict and judgment for plaintiff was warranted by the evidence.

2. CARRIERS, § 160*—*when conditions in receipt or bill of lading cannot be availed of.* Where the routing in a shipper's receipt is deviated from by the fault of an initial carrier, it cannot take advantage of a condition, exemption or stipulation in the receipt or bill of lading concerning the time for giving notice of a claim for damages or the valuation of the property in case of loss, but becomes liable as though carrier, under the common law for any damage caused by delay or otherwise to the goods while en route; and the rule applies though the plaintiff in a suit against it introduces the bill of lading or contract in evidence and makes it a part of his case.

3. CONTRACTS, § 329*—*when proof of contract does not waive penalty for breach.* To prove a deviation from a contract or a breach thereof, the person alleging it must show what the contract was, and he does not thereby waive the penalty which the defaulting party has brought on himself by the breach.

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 25, 1914. Rehearing denied June 8, 1914.

JEFFERY & CAMPBELL, for plaintiff in error; HERBERT J. CAMPBELL and CHARLES V. CLARK of counsel.

CHARLES A. BUTLER, for defendant in error; FRANKLIN RARER, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a writ of error to reverse a judgment of the Municipal Court of Chicago for $200.10 in favor of the

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff, R. A. Watson (defendant in error here), and against the defendant, The Missouri Pacific Railway Company (plaintiff in error here). It was rendered on the verdict of a jury in that court.

The statement of claim asserted the plaintiff's claim to be for ''money damages sustained to 361 crates, 222 bushels, and 55½ bushels of peaches shipped from Lexington, Missouri, on August 22, 1906, via said defendant to said plaintiffs at Chicago.''

The damages, which were estimated at $234.24, in the statement of claim were said to have been incurred by reason of the failure of the defendant to observe the shipping directions of the plaintiff and its failure to exercise the care necessary to preserve said peaches while in its possession, and by reason of the unreasonable delay in the transit to the destination.

The fair and reasonable cash market value of the peaches at the time and in the condition they should have arrived was alleged to have been $851.51, and at the time and in the condition they did arrive to have been $617.31.

The defense set up by affidavit of an agent of the railroad was, (1) that the peaches were not worth more than $617.31 at the time they should have arrived; (2) that the defendant was not guilty of any negligence or want of care in the handling of said peaches; (3) nor was the defendant guilty of any unreasonable delay; (4) that the plaintiff's cause of action arose in the State of Missouri and is barred by the statute of limitations of that State; (5) that the bill of lading limits any liability of the defendant by conditions which were not in this case complied with by plaintiff, and limits it in amount by a measure which was not proven in this case.

The material facts which the evidence tended to show are that the agent of the defendant at Lexington informed the plaintiff that the car shipped from Lexington, Missouri, by the route selected and expressed in the receipt or bill of lading received by the plaintiff would get to Chicago the second morning after the

shipment; that the car left Lexington about seven o'clock in the evening of August 22, 1906, in time to be taken up by a through freight train on the defendant's road at Myrick Junction (a mile and three-quarters from Lexington), due there at 9:25 P. M., and carried to St. Louis, where it was due about noon on Thursday, August 23rd; that by the routing instructions expressed in the bill of lading, the defendant road had agreed to forward it from St. Louis to Chicago by the Illinois Central Railroad; that a fast freight train from St. Louis on the Illinois Central Road carrying fruit and cars of fruit gets into Chicago at five o'clock in the morning and that that train leaves St. Louis late in the afternoon of the previous day, and therefore could, if the car in question had been properly treated by the defendant have presumably brought it into Chicago on the morning of August 24th, which was Friday, at about five o'clock, at about which time on that morning the Illinois Central train arrived as usual; that the plaintiff was at the Illinois Central tracks to receive and handle the car at that time, but that it did not come in the train in question and did not come in that train on the subsequent morning, when the plaintiff was again at the Illinois Central tracks to meet it, but that it came on that morning, Saturday, August 25th, at about 8:30 A. M. in a train from St. Louis on the Wabash Railroad, to which road the defendant, in disregard of its instructions and routing contract, had evidently delivered it at St. Louis; that half past eight on Saturday morning was too late an hour to get the benefit of a good market on Saturday; that the plaintiff did the best possible thing to minimize any damages for which the defendant would be liable by re-icing the car and keeping the peaches on the track until the early market on Monday, August 27th, when he unloaded and sold them; that the fair market price of the peaches on Monday, August 27th, was greater than it would have been on Saturday 25th, in the condition they were in on both days, and that there was no market on Sunday,

August 26th; that had the peaches been received in the early morning of August 24th, in the condition in which they were shipped and should have been received at that date if the car was "efficiently refrigerated," the market price of them would have been $200.10 more than it was on Monday, August 27th, when they were handled and sold by the plaintiff; that the temperature in the car on the morning of Saturday, August 25th, "was not as cold as it should be for refrigeration; that efficient refrigeration was lacking somewhere"; that peaches are perishable merchandise; that the peaches in question were in good merchantable condition when shipped and not overripe; that on Saturday and on Monday the peaches were "ripening", had ripened, that is, too much to be in "perfect marketable condition," the principal outlet for peaches then being in shipping from Chicago, for which these peaches were then too ripe to be most suitable.

We think that under the evidence the jury had a right to consider these things proven, and their verdict and the judgment on it must therefore certainly be considered justified without reference to many of the questions raised and argued by counsel. The statute of limitations of Missouri was not introduced nor any defense made based on it. The only plausible grounds of defense are reduced to these: That the receipt or bill of lading which the plaintiff accepted and which he introduced in evidence contained these clauses, which govern this case and with the conditions of which the plaintiff has not complied:

"Claims for damages must be reported by consignee in writing to the delivering line within thirty-six hours after the consignee has been notified of the arrival of the freight at the place of delivery. If such notice is not there given, neither this Company nor any of the connecting or intermediate carriers shall be liable.

In the event of the loss of property under the provisions of this agreement, the value or cost of the same at the point of shipment shall govern the settlement."

It is true that these conditions appear on the receipt and that the plaintiff gave no such notice as is required by them and produced no evidence of the value or cost of the goods at Lexington.

But it is also true that the receipt contained the words, "Route via Ills. Cent. from St. Louis," and that routing was deviated from by the act or default of the defendant Company. Authority is abundant that in case of such deviation by the fault of the initial carrier, it can take advantage of no such conditions, exemptions or stipulations in the receipt or bill of lading, but becomes liable as a through carrier, under the common law, for any damage caused by delay or otherwise to the goods while en route. *McKahan v. American Exp. Co.,* 209 Mass. 270 (reported with note containing many similar authorities in 35 L. R. A., N. S. p. 1046); *Dunseth v. Wade,* 3 Ill. 285.

The defendant's principal answer to this is that,

"This rule of law has no application to the case at bar because in the present case the plaintiff introduced the bill of lading or contract in evidence and made it a part of his case, and therefore under the authority of the *A. M. Forbes Cartage Company* case in the 162 Illinois Appellate Reports, he is thereby estopped from denying his assent to the terms of the contract."

This is sophistical, reminding one of the classical example in treatises on logic of the "dilemma." We cannot assent to the argument. To prove a deviation from a contract or the breach of a contract, the person alleging it must show what the contract was, and he does not thereby waive the penalty which the defaulting party has brought on himself by the breach.

The opinion in *A. M. Forbes Cartage Co. v. Grand Trunk Western Ry. Co.,* 162 Ill. App. 448, was never meant to declare any such legal proposition, we are sure. If it did, we should not follow it. It is not binding on us except in the case in which it is rendered. Of more persuasive force and of equal "authority" is the opinion of Branch C, Appellate Court of this district,

in a case very similar to the one at bar, *Coyne v. Grand Rapids & I. Ry. Co.*, 185 Ill. App. 431.

The judgment of the Municipal Court is affirmed.

*Affirmed.*