**Ernest H. Jennings, trading as Jennings Brothers, Defendant in Error, v. Baltimore & Ohio Railroad Company, Plaintiff in Error.**

### Gen. No. 20,154.

1. CARRIERS, § 121*—*sufficiency of evidence to show negligence in freezing of goods.* Evidence in an action by a shipper against a carrier for damages for loss incurred as a result of several carloads of apples being frozen while in transit, *held* to establish a prima facie case of negligence.

2. CARRIERS, § 121*—*what does not overcome prima facie case of negligence in freezing of goods.* Where a prima facie case of negligence is made out, in an action by a shipper against a carrier for damages for loss incurred as a result of fruit being frozen while in transit, by proof that the fruit was in good condition when loaded and in bad condition when reaching a certain point on the carrier's line, such presumption of negligence is not overcome by proof that there was no delay in handling the cars while in transit, and that the weather was extremely cold at the time of loading, and before and after loading.

3. CARRIERS, § 130*—*when shipper not negligent in shipping fruit in cold weather.* The act of a shipper in shipping fruit during freezing weather does not constitute negligence even though he does not ask the carrier to heat the cars while in transit, where he heats the cars at the time they are loaded, papers them, places shavings on the floor and papers the doors upon the outside, and there is no provision in the bill of lading requiring the shipper to furnish stoves for heating while in transit and the shipper is not asked to assume the risk of freezing in transit.

4. CARRIERS, § 121*—*what is duty of carrier as to fruit shipped in cold weather.* It is the duty of a carrier accepting fruit in freezing weather to provide all suitable means of transportation and to exercise the degree of care which the nature of the property requires, especially where the shipper is not required by the bill of lading to furnish stoves for heating nor to assume the risk of freezing in transit.

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed June 17, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

**Statement by the Court.** This is a suit brought in the Municipal Court of Chicago by Ernest H. Jennings, doing business as Jennings Brothers, defendant in error, hereinafter referred to as the plaintiff, against the Baltimore & Ohio Railroad Company, a corporation, plaintiff in error, hereinafter referred to as the defendant, to recover for loss and damage to three carloads of apples delivered for shipment over defendant's line to New York City.

The statement of claim sets forth that on, to wit: January 13, 1912, when said apples were loaded on said cars for shipment to New York City, they were in first-class merchantable condition and free from frost; that these apples were destined for export to England; that when the apples arrived in New York City they were in such a badly damaged and frozen condition that they could not be transported any further and were therefore sold in New York City at their fair cash market value; that the damage thereby sustained by plaintiff was in the sum of $992.66.

The affidavit of merits sets up the following defenses:

(1) "That said apples were not in first-class merchantable condition and free from frost at the time that same were delivered to the defendant for shipment, as claimed by the plaintiff.

(2) "That the loss and damage for which plaintiff seeks to recover herein resulted from the inherent nature of the apples, for which this defendant is not and could not be responsible.

(3) "That the plaintiff was not damaged in the sum of $992.66, as claimed by it in its said statement of claim."

Upon the trial of the case before the court without a jury, the issues were found for the plaintiff and plaintiff's damages assessed in the sum of $992.66, for which amount judgment was entered, to reverse which this writ of error has been sued out.

CALHOUN, LYFORD & SHEEAN, for plaintiff in error.

Harry S. Ditchburne, for defendant in error.

Mr. Justice Pam delivered the opinion of the court.

Plaintiff's evidence showed that the apples before being loaded into the cars of the defendant were in storage with the C. L. Robinson Ice & Storage Company at Charlestown, W. Va.; that the said company acted on behalf of plaintiff in the loading of the cars and in delivering them to the defendant for shipment; that at the request of the representative of the Robinson Company, cars were delivered at the siding used by that company for loading at its warehouse, to wit, on Friday, January 12th; that the weather at this time was cold, and that before loading on January 13th, the cars were papered on the inside, and shavings placed on the floor; that during the time the cars were being loaded stoves were kept going both in the warehouse and in the cars; that the loading was finished some time before eight o'clock Saturday evening and the cars closed; that at this time the apples were in first-class merchantable condition and free from frost; that on Saturday evening, about eight o'clock, defendant executed and delivered bills of lading for the three cars for shipment to New York City; that the cars did not leave during that night; that on Sunday morning the cars were opened and the temperature of the cars taken; that while this was being done, stoves were placed in the cars; that they were then closed, and the doors papered on the outside; that at this time the apples were in first-class merchantable condition and free from frost; that some time Sunday afternoon after two o'clock the cars left Charlestown for their intended destination, New York City; that upon arrival at New York City they were examined and found to be in a badly frozen condition; that in that condition they could not be transported further for export to England as was intended; that they were sold in New York City at a fair cash market value in their then condition, resulting in a loss to the plaintiff of $992.66.

Defendant introduced in evidence the testimony of the trainmen who handled the cars during their transit from Charlestown to New York, and defendant maintains that this evidence showed there was no delay or mistake in the handling of the cars while in transit; also evidence that at the time of loading and just before, and for several days thereafter, the weather at Charlestown and vicinity was extremely cold, the thermometer registering several degrees below zero.

The evidence offered on behalf of the plaintiff, in our opinion, fairly tended to show that the apples were in good condition when they were delivered to defendant for shipment and that they were in a frozen condition when they arrived at New York City. It is therefore clear that the plaintiff made out a prima facie case of negligence, and that it devolved on the defendant to overcome this presumption.

While defendant does not argue against this principle of law, it, however, insists that there are three exceptions, viz.: (1) The act of God or the public enemy; (2) losses due to the acts of the shipper himself; and (3) those due to the inherent nature of the goods themselves.

Defendant admits that the loss was not due to the act of God or the public enemy, but insists that it was due both to the act of the shipper and the inherent nature of the goods; contending, first, that the weather being extremely cold, the act of the shipper, in offering the apples for transit in that state of the weather, constituted negligence. In urging this contention, it comments on the fact that the plaintiff realized the danger of shipping during freezing weather, by heating the cars during the time they were loaded, papering them, placing shavings on the floor, papering the doors on the outside, yet offered them for shipment without requesting the defendant to heat the cars. We look upon these acts of the shipper as showing the exercise of a degree of care commensurate with the existing

weather conditions at the time of loading and delivery for shipment. The fact that no request was made on the defendant to heat the cars does not subject plaintiff to a charge of negligence.

Defendant, when accepting these cars for shipment, did not impose any conditions in its bill of lading requiring plaintiff to furnish stoves for heating while in transit, nor did it ask the shipper to assume the risk of the apples freezing in transit. It was the duty of the defendant, under its contract of carriage, to provide all suitable means of transportation and to exercise that degree of care which the nature of the property required. *Ruddell v. Baltimore & O. R. Co.*, 175 Ill. App. 456; *Wing v. New York & E. R. Co.*, 1 Hilt. (N. Y.) 235; *Wolf v. American Exp. Co.*, 43 Mo. 421.

Defendant further contends that the loss or damage occurred because of the inherent nature of the goods. This defense presupposes, however, that the carrier has performed its duty to carry the goods safely to their destination. The evidence offered on behalf of the defendant merely showed that there was no delay in the shipment or any mishap during the transit. There was no evidence offered by defendant to show that it took any steps to prevent the freezing of the apples accepted by it for transit, nor was there anything in its testimony to advise the court as to what care these apples had while carried in its train or while standing at stations; nor what care they received at their destination and before delivery. As has been well said by Mr. Justice Bunn, speaking on behalf of the Supreme Court of Minnesota, in the case of *B. Pressley Co. v. Illinois Cent. R. Co.*, 117 Minn. 399, wherein the facts were almost identical and wherein the evidence on the defense was substantially as in the case at bar:

"Unless we are prepared to hold that damage by frost while in transit is something that the carrier owes no duty to attempt to prevent, we can hardly

sustain the contention that the evidence shows that defendants used due care. It is not necessary to point out what defendants could have done to save the loss of the holly. They offered no evidence of any effort in that direction. We think there was an entire failure to rebut the presumption of negligence that arose.''

So in the case at bar, we are of the opinion that defendant has failed to rebut the presumption of negligence made out by plaintiff's evidence.

While the case of *Swetland v. Boston & A. R. Co.,* 102 Mass. 276, supports the contention of the defendant that it is not liable for freezing unless the evidence shows a negligent act on its part, such as delay, improper handling of its equipment, yet this decision is against the weight of authority. The law is well settled that a common carrier must anticipate and guard against all natural consequences that may occur during transportation. One of these is the liability of apples to freeze during cold weather.

Nor are the foregoing views inconsistent with *McGraw v. Baltimore & O. R. Co.,* 18 W. Va. 361, which holds that the inherent nature of the goods shipped is a defense to the common carrier, *provided it has used foresight, diligence and care to protect the property from damage and loss.*

Defendant further contends that the court erred in refusing to admit in evidence its exhibit ''B'', being an extract from official classification No. 37. We agree with plaintiff when he argues that there was nothing in the evidence which made it material or controlling, and therefore the court properly excluded same from consideration in determining the issues in the case.

The amount of the judgment was not in question either at the trial or in the briefs and arguments submitted to this court.

Finding no reversible error, the judgment of the Municipal Court will be affirmed.

*Affirmed.*