CHICAGO—FIRST DISTRICT—JULY, 1920.    479

Lettunich et al. v. Southern Pacific Co., 218 Ill. App. 479.

M. N. Lettunich and Mateo Lettunich, trading as M. N. Lettunich & Company, Appellees, v. Southern Pacific Company, Appellant.

Gen. No. 25,138.

CARRIERS, § 139*—*when evidence is insufficient to warrant recovery for damage to shipment.* In an action by a shipper of apples against a carrier to recover on its liability as warehouseman for damages to such apples by freezing, where the evidence is undisputed that the apples, which were consigned to plaintiffs' order with directions to notify a third person, arrived at their destination, New York City, on December 7 in good condition and such third person was notified on three occasions of the arrival of the car and never advised defendant that he would not accept the shipment until January 13, and it further appears that railroads delivering apples in New York did not, at that time, furnish heater service, and there is nothing to show that defendant had such facilities, plaintiffs cannot recover.

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Reversed. Opinion filed July 7, 1920.

JOHN A. SHEEAN, for appellant.

CHARLES A. BUTLER, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs brought an action of assumpsit against the Southern Pacific Company to recover $538.99 claimed as damages suffered by them by reason of defendant's breach of duty as a common carrier in transporting apples from California to New York City. The suit was brought December 8, 1915, and the case went to trial January 15, 1919. When the case went to trial plaintiffs by leave of court filed an additional count

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

480    APPELLATE COURTS OF ILLINOIS.

Lettunich et al. v. Southern Pacific Co., 218 Ill. App. 479.

seeking to hold defendant liable as a warehouseman and not as a common carrier. There was a verdict and judgment in plaintiffs' favor for the amount of their claim, to reverse which defendant prosecutes this appeal.

The record discloses that defendant operates a railroad as a common carrier; that on November 25, 1911, it received from plaintiffs a carload of apples at Watsonville, California to be transported to New York City; that the car was consigned to plaintiffs' order with directions to the railroad company to notify W. N. White of New York City of the arrival. The car of apples reached New York City on the morning of December 7, 1911, and the railroad company at once notified White; that in addition to this notice the railroad company wrote White on December 29 regarding this car and on the next day, December 30, White replied to the letter and stated that he was not then ready to effect a disposition of the apples. Nothing further appears to have been done until January 12, 1912, when White was again notified, and on the next day, January 13, White stated he would not accept the car. This was the first notice the railroad company had that the car was not to be accepted by White. Immediately it wired to California for instructions and upon receiving them turned the apples over to commission men in New York and on the 16th of January the apples were loaded on the S. S. Baltic and sent to Liverpool. The apples were damaged by being frozen while on track in New York City.

The bill of lading, which was the written contract entered into between the parties for the transportation of the apples, provided, inter alia: "Property not removed by the party entitled to receive it within forty-eight hours (exclusive of legal holidays) after notice of its arrival has been duly sent or given, may be kept in car, depot or place of delivery of the carrier, or warehouse, subject to a reasonable charge for

storage and to carrier's responsibility as warehouse-man only."

Most of the evidence was in the form of depositions and stipulations and was principally to the effect that defendant was liable as a common carrier, but during the trial counsel for plaintiffs expressly stated that he waived any claim against defendant as a common carrier, as the evidence showed without dispute that the apples arrived in New York City in good condition. Plaintiffs sought to hold defendant liable as' a ware-houseman only, the claim being that heater service should have been furnished by defendant so as to pre-vent the freezing of the apples while the car was on track in New York City from December 7, 1911 until January 16, 1912. Plaintiffs put in evidence showing the maximum and minimum temperatures in New York City from January 1 to January 16, 1912, both inclu-sive. The defendant offered evidence showing the temperature in New York City from December 7, 1911 to January 16, 1912, both inclusive. After December 7, the highest temperature was 51 degrees and the lowest 22 degrees above zero. The first time the tem-perature went below 21 degrees was on January 5, when it was 8 degrees above. The lowest temperature during the month of January was 3 degrees below zero, which was on January 13. A witness for plaintiffs testified that apples in such a car as the one in ques-tion would not be damaged by frost until the temper-ature was about 14 or 15 degrees above zero. From this it appears that the apples in question were not frosted until January 5. At that time the car had been standing on track in New York 29 days. A witness for plaintiffs testified that he had been in the business of handling apples for a number of years and that he knew the custom prevailing in Detroit, Chicago and Minneapolis, and that he knew it was the custom in those cities during the winter of 1911-1912 for rail-roads to supply heater service in cars similar to the

one involved in the instant case. He knew nothing, however, about the custom in New York City. Evidence on behalf of the defendant showed that no such custom existed at the time in question in New York City.

Under the facts in this case, where the evidence is undisputed that the apples arrived in New York City in good condition, that White was notified of the arrival of the car on three occasions, and that he never advised the railroad company that he would not accept the apples until January 13, and where it further appears that the railroad companies delivering apples in New York City did not at that time furnish heater service, and there is no evidence to show that defendant had such facilities, it would be a strange rule of law that would require the railroad company to permit this car to remain on track in New York City indefinitely, and this too during the dead of winter, and furnish heater service, and to render the railroad company liable for its failure to do so. The principal authority on which plaintiff relies is the case of *Jennings v. Baltimore & O. R. Co.*, 194 Ill. App. 358, where a judgment for damages to apples which were frozen in transit was awarded. Of course, the liability of a common carrier and a warehouseman are entirely different. Therefore, this case is clearly not in point.

The judgment of the county court of Cook county is reversed.

*Reversed.*

TAYLOR, P. J. and THOMSON, J., concur.