## John E. House, Appellant, v. William W. Wheelock and William G. Bierd, Receivers of the Chicago & Alton Railroad Company, Appellees.

### Gen. No. 8,023.

1. CARRIERS—*measure of damages for injury to perishable freight.* The measure of damages in an action against a common carrier to recover for injury to perishable goods alleged to have been caused by negligence is the difference between the fair cash market value of the goods in that deteriorated condition resulting from the carrier's negligence and their fair cash market value if they had been delivered without such deterioration.

2. CARRIERS—*burden of proof in action to recover damages for injury to shipment.* Although delivery to a common carrier of perishable goods in good condition and receipt thereof in damaged condition creates a presumption of the carrier's negligence and makes a prima facie case which must be overcome by evidence, the burden of proving by a preponderance of the evidence that the carrier's negligence was the cause of the loss continues to rest with the plaintiff.

3. CARRIERS—*instruction as to carrier's liability for injury to shipment by negligence.* Instructions that if the jury found from the evidence that the deteriorated condition of peaches at the receiving station compared with that at the shipping point was not due solely to the negligence of the common carrier, they should find in such defendants' favor, is so erroneous in failing to state that the carrier would be liable for whatever damage was due to its own negligence, that judgment for the carrier must be reversed.

Appeal by plaintiff from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the October term, 1926. Reversed and remanded. Opinion filed April 22, 1927.

CHAS. M. PIERCE and HUBERT J. THOMPSON, for appellant.

W. K. BRACKEN, for appellees; SILAS H. STRAWN, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This case involves the question of liability of appellees, William G. Wheelock and William G. Bierd as receivers of the Chicago & Alton Railroad Company, for damages resulting to the appellant, John E. House, on a shipment of peaches carried by the railroad mentioned from Jerseyville to Bloomington. The peaches in question were contained in 520 baskets, and placed in a refrigerator car 10152 on or about August 6, 1923, and the appellant company issued a bill of lading therefor, which stated that the peaches were received in apparent good condition, and the evidence in the case also tends to show that the peaches were in proper shipping order and condition at the time they were packed in the refrigerator car at Jerseyville. When the peaches arrived at Bloomington about the 7th or 8th of August, and the car was opened, it was discovered that about half of the shipment was spoiled. Two hundred twenty-eight baskets were entirely spoiled and had no marketable value, and there were some spoiled peaches in the remaining baskets. The declaration in the case bases the appellant's cause of action upon alleged negligence of the appellees. The first count avers general carelessness in the transportation of the peaches, and the second count charges the appellees with specific negligence, namely, that "by means of the long and unreasonable delay of the defendants to re-ice the last-mentioned Chicago & Alton car No. 10152, the 520 baskets of peaches were greatly injured, damaged and spoiled." The trial of the case resulted in a verdict and judgment for the appellees, and this appeal is prosecuted from the judgment. A motion was made by the appellant, which we took with the case, to strike from the brief of the appellee the opinion of the trial court. There was no impropriety in attaching this opinion as a part of appellees' brief and argument; the motion is therefore denied.

One of the errors assigned is the ruling of the court on the question of the proper measure of damages.

The rule of law with reference to the measure of damages which may be recovered in an action of this kind is that if the jury find that the peaches were injured in transit in whole or in part by the negligence of the carrier then the measure of damages would be the difference between the fair cash market value of the peaches in their injured or deteriorated condition resulting from carrier's negligence, and the fair cash market value of the peaches if they had been delivered to appellant without such injury or deterioration. *Watson v. Missouri Pac. R. Co.*, 187 Ill. App. 220; *Coyne v. Grand Rapids & I. Ry. Co.*, 185 Ill. App. 431; *Ruddell v. Baltimore & O. R. Co.*, 152 Ill. App. 218.

It is contended by the appellant that the court erroneously modified certain instructions requested by him concerning the issues in the case, and it is also contended that where merchandise of a perishable character is delivered to a railroad carrier in apparently good condition, the burden of proof is shifted to the carrier to prove facts exculpating it from the presumption of negligence which would arise from the fact that the fruit is in a rotten condition after its transportation to the point of destination. While it is true that the presumption of negligence on the part of the carrier would arise under those circumstances, it is not the law that the presumption changes the burden of proof of alleged negligence of the carrier. It is distinctly stated in *Helbig v. Citizens' Ins. Co.*, 234 Ill. 251, that "Legal presumptions do not shift the burden of proof. Their only effect is to create the necessity of evidence to meet the *prima facie* case created thereby, and which, if no proof to the contrary is offered, will prevail. The burden of proof,—meaning the obligation to sustain the truth of the claim affirmed by a preponderance of evidence,—rested on the appellee throughout the trial." And in *Vischer v. Northwestern El. R. Co.*, 256 Ill. 572, the court said in passing on the same point: "As a matter of proof, when an

injury is shown and that it arose from something within the control of the carrier or from some danger which it was his duty to anticipate and provide against, a presumption of negligence on the part of the carrier or his servants arises. (*North Chicago Street Railway Co. v. Cotton,* 140 Ill. 486; *New York, Chicago & St. Louis Railroad Co. v. Blumenthal,* 160 id. 40; *Chicago City Railway Co. v. Carroll,* 206 id. 318.) The presumption does not arise from the injury itself, but from the injury and the cause or source of it, but when the injury is proved and the cause is connected with the carrier a *prima facie* case is made out for the plaintiff. (3 Thompson on Negligence, sec. 2756.) The carrier is then called upon to meet and overcome the *prima facie* case, and this is often spoken of as the burden of proof, which, in the sense of the necessity of producing evidence to meet a *prima facie* case, passes from party to party as the case progresses, but the burden of establishing the truth of the issue by a preponderance rests and remains with the party having the affirmative. (*Egbers v. Egbers,* 177 Ill. 82.)''

We find no error in the court's modifications of the instructions requested by the appellant, but are of opinion that the instructions as modified presented the law with substantial correctness. Error is assigned on the giving of the following instruction for the appellees:

''You are instructed by the Court that if you believe from the evidence that the condition of the peaches in question, as same was found to be upon arrival at Bloomington, was due in whole or in part to the condition of said peaches, or some of them, at the time they were loaded into car at Jerseyville, or that said condition was caused in whole or in part by the manner or method in which they were loaded into the car, then without regard to any other question or issue there can be no recovery by the plaintiff in this case, and your verdict should be for the defendants.''

The clear import of this instruction is that if the spoiled condition of the peaches in question was due in part from a condition of said peaches, or some of them, at the time they were loaded into the car at Jerseyville, that then there could be no recovery of damages. The law is that a railroad carrier is liable only for damages resulting from its own negligence, but though the spoiled condition of some of the peaches might be attributable to natural deterioration or because of improper packing or loading, this would not exempt the carrier from liability for that part of the damages to the peaches resulting from its negligence while the peaches were in transit. What was said in *Ruddell v. Baltimore & O. R. Co., supra,* concerning a shipment of oranges, is directly applicable to this case: "That oranges are in their nature perishable is common knowledge. The oranges which were the foundation of this dispute were 17 days *in transit,* and no claim is made of delays in such transit. It is apparent, therefore, that so long a journey, occupying so many days, may have caused a natural deterioration in the condition of the oranges, attributable to natural causes and not to the negligence of the carrier. By instruction D the carrier was made liable for all deterioration in the condition of the oranges, whether from natural causes beyond the control of the carrier, or attributable to its negligence. The liability of the carrier goes no farther than for damages occasioned by its negligence." The vice of the instruction referred to is that in effect it told the jury that if any part of the spoiled condition of the peaches in question, or the spoiled condition of any part of the peaches was attributable to a condition of the peaches when they were loaded into the car at Jerseyville, or to an improper loading or packing of the peaches, then the carrier would be entirely exempted from liability, and from the payment of any damages, which resulted from injury caused by its negligence in transporting the peaches. The criticism

of the foregoing instruction applies with equal force to the following instruction which the court gave at the request of the appellees:

"The Court instructs you, as matter of law, that a railroad company is only liable for such deterioration in merchandise carried by it as is attributable to its negligence. And in this connection you are further instructed that unless you believe from the evidence in this case that the condition of the peaches in question at the time of arrival at Bloomington was caused entirely and solely by the negligence of the defendants, your verdict should be in their favor."

In this instruction the jury were also told that unless the spoiled condition of the peaches was caused entirely by the negligence of the appellees, their verdict should be in favor of the appellees. Assuming that deterioration in the condition of some of the peaches upon their arrival at Bloomington was the result of natural causes, or the deterioration in the condition of some of the peaches was caused by improper packing or loading in the car at Jerseyville, under the foregoing instruction the jury should not render a verdict for the appellant for any damage to the peaches caused by the negligence of the appellees. The question of contributory negligence is not involved in this case.

For the reasons stated, we are of opinion that both the instructions referred to were erroneous, and that the error was prejudicial to the appellant's right of recovery. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*